THE METROPOLITAN BOARD OF HEALTH *v.* M. SCHMADES.

Of two statutes affecting the same subject, and passed the same day, the one numbered as a chapter of the laws last, being local and not intended to take effect till a' later day than the other, *held* to be the later and controlling statute.

The Legislature having regulated the standard of petroleum, &c., and the mode of storage thereof, &c., it is not competent for a board of health to impose further restrictions.

Nor has the board of health the power to do so under a general power to make ordinances not inconsistent with law.

APPEAL from a judgment of the Sixth District Court.

This action was brought by the plaintiffs to recover a penalty of $50 for an alleged violation of an ordinance passed by them on the 25th January, 1869, and which is in the following words, to wit:

" That no petroleum oil, kerosene oil, or other liquid (having a like composition or qualities as a burning fluid as said oil) shall be kept or offered for sale as a burning fluid for lamps or in any receptacle for the purpose of illumination; nor shall such oil or fluid be purchased·for use or be used as a burning fluid for any such lamp or receptacle, or be kept for such use, unless all such oil or fluid shall be of such quality or ingredients that it shall stand and be equal to both the following tests and conditions, to wit:

1. That it shall not take fire or burn at a temperature below one hundred and ten degrees, Fahrenheit; and

2. That it shall not evolve any explosive vapor at a temperature below one hundred degrees, Fahrenheit."

The defendant was alleged to have sold oil which took fire and exploded at a temperature of ninety-eight degrees, and which evolved an explosive vapor at a temperature of eighty degrees.

The defendant demurred to the complaint on the ground that it did not set forth facts sufficient to constitute a cause of action.

The justice sustained the demurrer and dismissed the complaint.

The plaintiffs appealed to this court.

*George Bliss, Jr.,* for appellant.

*Cross, Rice & Holt,* for respondent.

By THE COURT.*—LOEW, J.—It appears that the complaint in this case was dismissed by the court below, on the ground that the plaintiffs had no authority to pass the ordinance for an alleged violation of which, this action was brought.

The power of the Board of Health to enact an ordinance like the one under consideration, could not well be questioned (Laws of 1866, chap. 74, §§ 12 & 20; *Id.* chap. 686, §§ 1 & 3; Laws of 1867, chap. 956, § 10), were it not for other legislation respecting the storage and sale of kerosene or petroleum.

In 1865 an act was passed by the Legislature (Laws 1865, chap. 773, § 3), prohibiting petroleum, kerosene and other oils from being stored or sold within the corporate limits of any city in the State, "the fire test of which shall be less than one hundred degrees Fahrenheit."

On the fourth day of May of the following year, two other acts were passed (Laws of 1866, chap. 872, § 1; *Id.* chap. 873, § 51), one of which amends the act of 1865, and changes the prescribed test to one hundred and ten degrees Fahrenheit, and the other enacts that "no refined petroleum, kerosene earth or rock oil, or machinery oil, shall be kept upon sale or stand within the corporate limits of the city of New York, the fire test of which shall be less than one hundred degrees Fahrenheit."

Although both of these acts were passed on the same day, we think the last-mentioned one should be deemed the later and controlling statute, not only because its number is greater, and because it was passed with especial reference to the city of New York (while the former is applicable to all the cities in

---

* Present—Daly, Ch. J., Loew and Van Brunt, JJ.

the State), but also for the reason that it was not to go into operation until June 1, 1866, whereas the other took effect immediately upon its passage.

Effect will thus be given to both statutes in the city of New York, one being in force from the date of its passage to June 1st, at which time the other went into effect and repealed all other statutes in any case provided for by that act or inconsistent with its provisions, so far as the same relate to said city (Laws of 1866, chap. 873, § 62).

As the Legislature has in section 51 of the last mentioned act particularly specified what the fire test of refined petroleum, kerosene, and other oils shall be, in order to render the storage and sale thereof lawful, and also prescribed the circumstances under, as well as the kind of building, in which the same may be stored, we think it is not competent for the Board of Health to create or impose additional tests or conditions, as a prerequisite to the right to keep or sell such oil, as it has attempted to do in the ordinance referred to.

The claim of the plaintiffs that said ordinance is consistent with the act of the Legislature, as the former only has reference to the keeping and offering for sale petroleum, which is to be used as a burning fluid, or for the purpose of illumination, while the latter relates to the storage and sale thereof generally, will not avail them.

The act of the Legislature prohibits the storage or sale of petroleum that does not come up to a certain test, which implies that it may be so stored and sold if it be of that test.

Now the ordinance of the Board of Health prescribes another and different test, and forbids the keeping or selling thereof, notwithstanding the requirements of the law may be fulfilled.

The two are, therefore, manifestly inconsistent with each other. Besides a violation of the statute in respect to the test fixed by it, would necessarily also be a violation of the ordinance; and if the latter were valid, a party offending would be subjected to two actions to recover distinct penalties for the same cause, one brought by the Fire Department and the other by the Board of Health.

Nor do we think that there is anything in section 10 of the act, passed the year after the above law (Laws of 1867, chap. 956, § 10), which confers authority on the Board to pass the ordinance in question. That section gives the Board power to make ordinances upon all matters and subjects to which and so far as the power of said Board extends. But such ordinances must be consistent with the constitution and laws of this State (Laws of 1866, chap. 74, § 20; *Id.* chap. 686, § 1); and as we have already seen the ordinance referred to is inconsistent with a law on the same subject, and is, therefore, invalid, and of no effect.

In our opinion the judgment of the court below was correct and should be affirmed.

Judgment affirmed.