# THE BUFFALO CEMETERY ASSOCIATION, APPELLANT, *v.* THE CITY OF BUFFALO, RESPONDENT

*Exemption from taxation, of lands held by cemeteries — when it does not extend to assessments for municipal improvements — when an exemption given by a special statute is not affected by a general act giving the same exemption.*

This action was brought by the plaintiff, a corporation created to purchase lands in the city of Buffalo for burial purposes, to have an assessment imposed upon its lands for the purpose of defraying the expense of paving a public street in that city, leading to and in front of its land, declared void, and to restrain the collection thereof. Section 9 of the act incorporating the plaintiff (chap. 234 of 1854), declared the cemetery to be exempt from "all public taxes, rates or assessments." In 1870 there was inserted in the charter of Buffalo a provision that "no lands in the city shall be exempt from local assessments, any statute to the contrary notwithstanding."

Chapter 154 of 1871, entitled "An act to amend the charter of the Buffalo City Cemetery, and to restore the exemption of cemeteries in said cities from local assessments," provided that "all lands in the city of Buffalo belonging to any incorporated cemetery association shall be exempt from taxes, rates and assessments to the extent provided in section 10 of the 'act to incorporate cemetery associations,' passed April 27, 1847, any statute to the contrary notwithstanding," except, in the case of assessments for grading or paving those parts of any streets or sidewalks in front of and bounded on lands of the cemetery.

*Held*, that as the exemption from taxation, contained in section 10 of the act of 1847, was identical in language with that expressed in the charter of the plaintiff, and as the Court of Appeals had decided that the exemption contained in section 10 did not extend to a municipal assessment levied to defray the expenses of a local improvement, it necessarily followed that neither the provision of the revised charter of the city above referred to, nor thé act of 1871, affected the exemption contained in thé plaintiff's charter, and that such exemption did not relieve it from the assessment in question.

Chapter 310 of 1879, entitled "An act to prevent the sale of lands used for cemetery purposes," directs that "no land actually used and occupied for cemetery purposes shall be sold under execution, or for any tax or assessment; hor shall such tax or assessment be levied, collected or imposed, nor shall it be lawful to mortgage such land or to apply it in payment of debts."

*Held*, that as the act was general in its terms, and there was nothing in it manifesting an intention to repeal or alter the prior statute providing specially for the case of the plaintiff, the plaintiff was not entitled to the exemption thereby created.

That if it were assumed that the plaintiff was within the exemption created by the act of 1879, the assessment would create no cloud upon the plaintiff's title which would authorize it to maintain this action, as the bare reading of the act itself would show the invalidity of the proceeding.

APPEAL from a judgment entered upon a decision rendered at the Erie Special Term, dismissing the complaint.

*Plumley & Kingston* and *Edward I. Plumley,* for the appellant.

*William F. Worthington* and *Frank C. Laughlin,* for the respondent.

SMITH, P. J.:

The object of the action is to have a certain assessment, which was imposed by the defendant on lands of the plaintiff in the city of Buffalo, declared to be void and to restrain the collection thereof. The plaintiff is a corporation created to purchase lands in said city for burial purposes and sell the same in small lots to all desiring to purchase. The assessment in question is levied for the purpose of defraying the expense of paving Best street, one of the public streets of the city of Buffalo, and leading to and in front of lands which were used and occupied by the plaintiff for cemetery purposes, pursuant to the provisions of its charter.

That the city authorities had the general power to assess the expenses of such improvement upon the parcels of land benefited by it, in proportion to such benefit, and that the assessment upon the lands of the plaintiff was made upon the theory that such lands were benefited by the work to the amount of such improvement, is not questioned; the only contention on the part of the appellant, upon the question of power, being that the land of the appellant, used for cemetery purposes, is by law exempt from assessment for the expense of such improvement. That contention calls for the examination and construction of several successive statutes.

The plaintiff was incorporated by an act of the legislature in 1854. (Laws 1854, chap. 234.) By the provisions of the ninth section of the act, the cemetery of the corporation was declared to be exempt from "all public taxes, rates or assessments." In 1870 the charter of the city of Buffalo was revised, and a provision was inserted therein that "no lands in the city shall be exempt from local assessments, any statute to the contrary notwithstanding."

An impression seems to have been entertained, at the time, that the latter provision trenched upon the exemption above declared in the plaintiff's charter, for at the next succeeding session of the

legislature an act was passed entitled "An act to amend the charter of the Buffalo City Cemetery, and to restore the exemption of cemeteries in said city from local assessment." (Laws 1871, chap. 154.) The second section of that act provided that "all lands in the city of Buffalo belonging to any incorporated cemetery association shall be exempt from taxes, rates and assessments to the extent provided in section 10 of the 'act to incorporate cemetery associations,' passed April 27, 1847, any statute to the contrary notwithstanding." The third section provided that the above exemption shall not apply to assessments for grading or paving those parts of any streets or sidewalks that shall be immediately in front of, and bounded on, the lands of any of the said cemeteries.

The exemption from taxation contained in section 10 of the act of 1847 was identical in language with that expressed in the charter of the plaintiff, to wit: From "all public taxes, rates and assessments." (Laws 1847, chap. 133, § 10.) So that, upon the assumption that the original exemption contained in the plaintiff's charter embraced assessments for local improvements (and upon that assumption only could it have been supposed that the revised charter of the city impaired such exemption), the act of 1871 restored such exemption as to all local improvements (except grading or paving), as, for instance, the construction of sewers. But within a few months after the passage of the act of 1871, it was held by the Court of Appeals that the exemption contained in section 10 of the act of 1847, did not extend to a municipal assessment levied to defray the expenses of a local improvement, that not being a "public" assessment or tax, within the meaning of the act. (*The Buffalo City Cemetery* v. *The City of Buffalo*, 46 N. Y., 506.) The same construction applies, of course, to the exemption contained in the charter of the plaintiff. It necessarily follows from that construction, which is to be accepted and followed by us as the law of this case so far as it applies to it, that neither the provision of the revised charter of the city above referred to, nor the act of 1871, affected the exemption contained in the plaintiff's charter, and that such exemption does not relieve the plaintiff from the assessment in question.

The appellant's counsel relies also upon chapter 310 of the Laws of 1879, the first section of which provides that no land actually used and occupied for cemetery purposes shall be sold for "any

tax or assessment," and the third section of which excepts from the operation of the act lands held by the city of Rochester. If that act applies to the plaintiff it provides an exemption from the assessment in question, inasmuch as it extends to every tax or assessment, without limitation or exception; but we concur with the learned judge at Special Term in the opinion that the plaintiff is not within its provisions. The act is general in its terms, and there is nothing in it manifesting an intent to repeal or alter the prior statute, which provides specially for the case of the plaintiff. Nor are the two statutes inconsistent. The prior statute is, therefore, unaffected by the latter. (*Matter of the Comrs. of Central Park*, 50 N.Y., 493; *McKenna* v. *Edmundstone*, 91 id., 231.) Nor does the exception of lands held by the city of Rochester sufficient indicate an intention to embrace all other cemetery lands in the State, including those provided for by special act. (*McKenna* v. *Edmundstone, supra.*)

The appellant's counsel argues that, as the act of 1871 applied, to the plaintiff, the provision of the general act of 1847, the rule of construction last above stated, as to the effect of a general statute upon a prior special statute, does not apply. But we have seen that the exemption of the plaintiff rests upon the special provision contained in its charter, and is unaffected by subsequent legislation. Besides, the act making the provisions of the statute of 1847 applicable to the plaintiff is in itself special.

If these views are correct it follows, not only that the plaintiff is not exempt from the assessment in question, but also that the action is barred by the one year's statute of limitation, set up in the defendant's answer.

But if it be assumed that the plaintiff is within the exemption created by the act of 1879, the exemption is fatal to the plaintiff's demand for equitable relief in this action. In that case the proceedings of the defendant to lay an assessment create no cloud upon the plaintiff's title requiring proof of intrinsic facts to remove it. The statute, being a public act, needs no proof, and the bare reading of it shows the invalidity of the proceedings, if the plaintiff's construction is correct.

The judgment shou'd be affirmed, with costs to the defendant.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed, with costs.