ACKERSON, Supervisor, *v.* BOARD OF SUP'RS OF NIAGARA COUNTY *et al.*

(*Supreme Court, Special Term, Niagara County.* January, 1892.)

1. TAXATION—APPLICATION—RAILROAD AID BONDS.

Laws 1869, c. 907, as amended by Laws 1870 and 1871, provides that "all taxes, except school and road" taxes, collected of any railroad, in a township that has issued bonds to aid in the construction of such railroad, shall be paid over to the county treasurer, to be by him applied to the retirement of such bonds. Laws 1880, c. 286, as amended by Laws 1881, cc. 13, 197, provides that such township may issue bonds to take up obligations, the validity of which were in dispute, the town supervisor being required to report to the board of county supervisors in each year the number and amount of bonds and coupons falling due within the next year; and such board shall cause to be levied and collected of the town property, at the same time other taxes were levied and collected, such sums as may be necessary to pay the "principal and interest;" the sum so collected to be applied by the collector to the payment of the bonds, "principal and interest." *Held,* that the acts of 1869 and 1880 were both operative; the former requiring the county treasurer to apply all moneys received by him from the collector for a retirement of such bonds as they would satisfy, and the latter requiring the levies of the board of supervisors to be applied to such bonds only as fall due during the ensuing year.

**2. SAME—LIABILITY OF COUNTY.**

In an action by a township against a county and its treasurer for failure to properly apply railroad taxes collected under the act of 1869, the county is not exonerated by showing that the taxes in question were raised to defray township expenses, and were by the collector paid direct to the township officers for such use, who delivered receipts therefor to the county treasurer, which receipts or vouchers were accepted by him instead of cash, and that the county treasurer never in fact received the taxes in question.

**3. SAME—LIMITATION OF ACTIONS.**

In such case, the statute of limitations bars a recovery for all railroad taxes "passed over" to the county treasurer more than six years prior to the commencement of the action.

Action by Charles F. Ackerson, as supervisor of the town of Somerset, against the board of supervisors of Niagara county and John J. Arnold as county treasurer. Judgment for plaintiff.

*Cassius C. Davy*, for plaintiff. *John E. Pound*, for defendants.

LAMBERT, J. The right of a township to have all taxes, except school and road, collected of any railroad, for the construction of which bonds have been issued, applied to the payment of the bonded indebtedness, and for a failure upon the part of any county treasurer to so apply or provide for the application of such taxes a right of action is given by the act of 1869, c. 907, as amended in 1870 and 1871, has been settled by numerous authorities in this state. The statute of limitations applicable to a misappropriation of funds has been made applicable to an action under the provisions of the laws referred to. *Strough* v. *Board*, 119 N. Y. 212, 23 N. E. Rep. 552. Relying upon the application of the doctrine of this case, the defendants claim, in any event, the plaintiff ought not to recover for the taxes assessed in the year 1881, as they were barred at the time of commencement of the action, March 12, 1888. The proof given upon the trial indicated that this item of taxes, $1,515.36, assessed in 1881, was not passed over to the county treasurer until about the 9th day of February, 1882. It follows that the statute would not commence to run until after payment to the county treasurer, and the failure on his part to observe the requirements of the statute. The complaint charges, in general terms, the collection and payment to the county treasurer of a given sum in each of a given series of years, which includes for the year 1881, the sum of $1,515.36, and then alleges that the treasurer of said county wrongfully and unlawfully paid out said moneys for the benefit of the county of Niagara. The defendants, in pleading the statute of limitations, use the following terms: "That the alleged cause of action, * * * which accrued prior to and including the year 1881, accrued more than six years previous to the time of the commencement of this action, and is barred by the statute of limitations." The evidence permits the inference that prior to the 12th day of March, 1882, the item of tax paid by the railroad company to the treasurer was by him mingled with the other taxes of the county, and credited to one or more of the tax funds, and, in whole or in part, disbursed; so that, as matter of fact, a right of action for the misappropriation of the item levied in 1881 was barred by the statute of limitations at the time of the commencement of this action. The complaint, as has been mentioned, charged this amount to have been misappropriated in the year 1881, and not only as charged, but as disclosed by the proof, the same was barred, and the defendants could do no more, as matter of pleading, than to allege that the cause of action relied on by the plaintiff was barred, and a right of recovery thereon defeated, by lapse of time. An amendment of the complaint to conform to the proof was not asked, and, had it been secured, the defendant could have defeated a recovery by interposing the statute of limitations. This leads to the conclusion that the plaintiff, in any event,

should not recover the item of $1,515.36, alleged to have been misappropriated in the year 1881.

The defendants also contend that, of the aggregate sum paid in the years excluded from the operation of the statute of limitations, the sum of $5,729.26 should be deducted, for the reason that such sum was raised to defray town expenses, and was by the collector paid directly to the town officers for such use, and delivered a receipt for the same to the treasurer of Niagara county in lieu of the moneys as directed by his warrant. The statute provides that all taxes (except school and road) collected shall be paid over to the treasurer of the county, and be by him applied as therein directed, because the treasurer accepted vouchers instead of cash for the payment of taxes going to the town officers of the town of Somerset. The county of Niagara asks to be exonerated from liability on the ground that it had never received the taxes in question, and therefore owed no duty under the statute for which liability would result. This we believe to be untenable, as its adoption would permit, by indirection, the defeat of the plain provisions of the statute. The defendants insist that, so far as the town of Somerset is concerned, by the acceptance of the provisions of chapter 286 of the Laws of 1880, as amended by chapters 13 and 197 of the Laws of 1881, it is not entitled to the benefits provided by the act of 1869 as amended. In other words, these enactments, by implication, worked a repeal of the act in 1869, and thereby deprive the town of the benefit of the taxes collected upon the property which it created. The act of 1880 contains no repealing clause, and therefore the act of 1869, as amended, must be treated as in force, unless it is so repugnant to and inconsistent with the statutes under which the bonds were issued that both cannot be treated as applicable to their payment. *People* v. *Jaehne,* 103 N. Y. 195, 8 N. E. Rep. 374; *Hecknann* v. *Pinkney,* 81 N. Y. 211; *People* v. *McClave,* 99 N. Y. 83, 1 N. E. Rep. 235; *In re Kiernan,* 62 N. Y. 457; *People* v. *Supervisors,* 73 N. Y. 173.

The objects to be attained by the law are proper considerations in determining the hostility of statutes. In brief, the statute of 1869, as amended, provided for the payment to the county treasurer of all taxes, except school and road, collected in any town upon railroads to aid in construction of which bonds were issued; that such county treasurer with such moneys should purchase, when he can do so, at or below par, cancel, and deposit the same with the board of supervisors. In case such bonds could not be purchased at or below par, he is directed to invest the moneys for the redemption and payment of such bonds when they could be so purchased. By this statute it was intended to provide a system for the payment of bonds issued in aid of the construction of railroads, so as to give to the towns, for a given period of time, the benefit of the taxes collected upon the property created by their aid, and, as has been said by the courts of this state, this was to the towns creating a bonded indebtedness for such a purpose a wise and beneficial provision. But it will be observed that such provision did not have the effect to grant complete absolution from the payment of such indebtedness, and only to such extent as the moneys realized in such manner would accomplish; the balance is raised by a tax upon the taxable property of the town, by and under the direction of the board of supervisors. By the act of 1880 the town of Somerset was permitted to issue bonds to take up and discharge obligations, the validity of which were in dispute, and, as a part of the scheme, it was provided that the supervisors of the town should report to the board of supervisors in each year the number and amount of bonds and coupons falling due within the next year, and then the board of supervisors should cause to be levied and collected of the property of the town, at the same time and manner as other taxes are levied and collected, such sum or sums of money as shall be necessary for the payment of principal and interest; and it then provides that, when the money is thus collected, it shall be applied

by the collector to the payment of the bonds, principal and interest. The claim is that by the provisions of the act of 1869, as amended, the county treasurer was required to apply the taxes to the retirement of the bonds; that, therefore, the provision of the act of 1880, requiring the collector to pay off and cancel the bonds, is inconsistent therewith; and that it is apparent it was the intention to provide, by the act of 1880, the exclusive means and manner of meeting these obligations as they became due, and thereby exclude the town from the benefits provided by the act of 1869 as amended.

To this proposition we do not lend our assent. Except the moneys received by the county treasurer from the railroads for which the town was bonded, the moneys raised to pay the bonded indebtedness, under the provisions of the act of 1869 as amended, and the law applicable to that subject, were levied and collected by and under the direction of the board of supervisors in the same manner as provided by the act of 1880. Under either provision, it is the duty of the board to levy and authorize to be collected a sum sufficient to pay the maturing bonds and accumulated interest annually; and, while the language of the act of 1880 requires the supervisor of the town to report the entire amount falling due for principal and interest, the board is only required to levy, and cause to be collected, such sum as shall be necessary for the payment of principal and interest. The language of the act is particularly significant in that respect, especially when read in the light of the assumption that the treasurer, by his annual report, gave the board full information of the bonds retired by him through the medium of taxes paid by the railroad company. It will be seen by the report of the supervisor of the town, and the report of the treasurer of the county, the board of supervisors have full information of the amount of moneys that will be required to meet the maturing bonded obligations of the town; and therefore it may be said, notwithstanding the supervisor is required to report the entire amount falling due for principal and interest, the board is required to raise, and cause to be collected, only a sum that may be necessary to pay the bonds due, or to become due, during the ensuing year. If the bonds due at the time of any annual meeting of the board, or those to become due during the year ensuing, have been paid or canceled by the treasurer of the county, then the board is not required, by the provisions of the act of 1880, to levy and cause to be collected moneys to pay and discharge them, as its duty is limited to providing means for the payment of bonds due or to become due; and if due and paid, or anticipated by payment, then, within the contemplation of the act, they would not be due at the time of holding the annual meeting of the board, or become due during the ensuing year. The suggestion that by the provisions of the act of 1880, as amended in 1881, the supervisor is required to pay and cancel the bonds falling due, is inconsistent with the performance of that duty by the treasurer under the act of 1869, as amended, is unavailing, as the act only requires that he cancel the bonds paid from the moneys delivered to him by the collector for that purpose. The effect of section 9 of chapter 13 of the Laws of 1881 is relied on as indicative of the intent of the legislature to repeal the act of 1869, as amended by the act of 1880. If the conclusion is reached that these acts are consistent, and provide independent means of payment of the bonds, then this position is without merit. Judgment is given for the plaintiff for the taxes levied and collected, as stated in the complaint, after the year 1881, with costs of the action.