MARGARET EAGAN, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

*Charter of the city of Rochester — notice precedent to right to tax costs in an action for negligence — repeal by implication — legislative intent.*

The provision in section 218 of the charter of the city of Rochester (Chap. 14 of the Laws of 1880), as amended by chapter 343 of the Laws of 1881, is to the effect that no person who claims damages against the city for injuries caused by negligence, shall be allowed to tax costs against the city in any action brought therefor, unless, within fifteen days after the injury, he shall have notified the city authorities of the time and the place where the injury occurred.

*Held,* that this provision was repealed by implication and superseded by the later provisions of section 80 of the charter (being a substantial re-enactment of the general statute, chapter 572 of the Laws of 1886), as amended by chapter 561 of the Laws of 1890, to the effect that all actions against the city for negligence shall be commenced within one year from the injury, and that no action shall be maintained against the city for personal injuries, unless the notice of the intention to commence such action and of the time and place at which the injuries were received, shall have been filed with the law officer of city, within six months after such cause of action shall have accrued.

In ascertaining the intention of the Legislature, as between different enactments on the same general subject, the injustice or hardship of a particular enactment may be taken into consideration.

The repeal of statutes by implication is not favored, but where two statutes are found relating to the same subject and enacted for the same purpose the former must be deemed to have been repealed.

APPEAL by the defendant, the city of Rochester, from an order of the Supreme Court, made at the Monroe Special Term, and entered in the office of the clerk of Monroe county on the 14th day of June, 1892, directing the county clerk of said county to allow the plaintiff's bill of costs and disbursements.

*C. D. Kiehel,* for the appellant.

*D. C. Feeley,* for the respondent.

LEWIS, J. :

The plaintiff on the 6th day of February, 1888, sustained injuries by falling upon the sidewalk in the city of Rochester. She brought an action against the city to recover damages and obtained a verdict of $300.

By chapter 14 of the Laws of 1880, a charter was created for the

city of Rochester, and by section 218 it was provided that the owners of lots in the city shall keep the sidewalks in front of their premises in repair and free from obstruction, and that the city shall not be liable for damages caused by defective sidewalks, unless actual notice of its unsafe and dangerous condition be given to the officers of the city having charge of the streets a reasonable time before the happening of any injury.

By chapter 343 of the Laws of 1881, this section was amended by adding thereto the following : "Any person or persons who shall claim damages against said city for injury caused by any alleged negligence shall not be allowed to tax costs against said city in any action brought therefor, unless the parties so claiming damage shall have, within fifteen days after the happening of such injury notified the mayor or city attorney of the time and location of the place where such injury occurred." Section 80 of the charter of 1880, provided for auditing accounts against the city. By chapter 561 of the Laws of 1890, this section was amended by providing for the form and manner of presenting unliquidated claims against the city for wrongs, injuries or negligence. And the following provisions were added thereto : "No action or proceeding to recover or enforce any claim, debt or demand against the city shall be brought until the expiration of forty days after the claim, debt or demand shall have been presented to the common council for audit in the manner and form aforesaid. * * * All actions brought against the city to recover damages or other relief for injuries to the person or property caused by negligence, shall be commenced within one year from the time of receiving the injuries, or when the cause of action mentioned in the complaint shall have accrued. No action or proceeding shall be maintained against the city for personal injuries, unless the notice of the intention to commence such action, and of the time and, place at which the injuries were received shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued."

These provisions in reference to the time within which an action shall be commenced and the filing with the law officer of the notice, were substantially a re-enactment and incorporation into the city's charter of the provisions of chapter 572 of the Laws of 1886.

The plaintiff failed to give the fifteen days' notice required by the act of 1886, and she commenced her action in the month of June, 1888. The action was tried in the year 1891, and resulted in a verdict against the city for $300.

The county clerk refused to tax plaintiff's bill of costs for the reason that the fifteen days' notice was not given.

The object of the re-enactment requiring the service of the fifteen days' notice was, that the city should have early information of the happening of the accident, so that its law officers could make an early investigation of the facts and determine whether the city was liable, and learn who were witnesses of the occurrence, and for the further object of fixing the ultimate responsibility for such negligence upon the proper person.

The original section did not provide for the giving of any notice that the claimant intended to bring an action against the city. It simply provided that if an action was brought without giving the notice, the plaintiff, if successful, should not be entitled to costs. The provisions of this amended section were more comprehensive; the service of the notice was made a condition of the right to maintain an action.

The amendment of 1890 did not in terms repeal section 218 of the act of 1881. The time within which the notice was required to be served was extended to six months, and it thereby corrected the somewhat harsh provision in the former law requiring the notice to be served within so short a time after the accident. The provision requiring the fifteen days' notice was an unreasonably short time, as is exemplified by the facts of this case.

It was made to appear upon the motion that the plaintiff's injuries were of so serious a character as to make it practically impossible for her to attend personally to the preparation and service of the notice within fifteen days of the time of the accident.

We would not be justified in declaring the law void for that reason ; the statute does not require that the plaintiff should personally serve the notice. It was held in *Wheeler* v. *Conn. Mutual Life Ins. Co.*, 82 N. Y. 543, that the insanity of the insured was not an excuse for the nonpayment of the premiums, as the payment could have been made as well by any other person.

The injustice of the provision, however, may be considered in

judging of the legislative intention in enacting the amendment of 1890.

As we have seen, the statute, as amended, covered the entire ground of the section amended, and it is hardly supposable that the Legislature intended to allow the former act to remain in force, thereby requiring the service of two notices of the circumstances of the injury upon the same official, one within fifteen days and the other within six months. If both sections are in force the anomalous condition exists that an action may be maintained if the notice contemplated by the act of 1886 is served within six months, and yet the plaintiff is not entitled to recover costs, which are simply an incident to the action, unless the fifteen days' notice has also been served.

The repeal of statutes by implication is not favored, but where two statutes are found relating to the same subject and are enacted for the same purpose, the former must be deemed to have been repealed.

The later law prevails as the last expression of legislative will.

Section 154, Sutherland on Statutory Construction: " A subsequent statute revising the whole subject-matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must, on principles of law, as well as in reason and in common sense, operate to repeal the former."

" Though a subsequent statute be not repugnant in all its provisions to a former, yet if it was clearly intended to prescribe the only rule which should govern, it repeals the former statute. * * * The reasonable inference from a revision is that the Legislature cannot be supposed to have intended that there should be two distinct enactments embracing the same subject-matter in force at the same time; and that the new statute, being the most recent expression of the legislative will, must be deemed a substitute for previous enactments, and the only one which is to be regarded as having the force of law."   (§ 154, Ibid.)

The foregoing are quotations from the text of Sutherland on Statutory Construction. The doctrine is sustained by a number of authorities referred to in the marginal notes.

We are of the opinion that the amendment of 1890 was intended to supersede and take the place of the section of the act of 1881

mentioned, and that the plaintiff was not required to serve the fifteen days' notice in order to be entitled to costs.

This leads to an affirmance of the order appealed from, which should be affirmed, with ten dollars costs and disbursements of the appeal.

All concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.