(7 Misc. Rep. 714.)

WILLIAM OTTMANN & CO. v. HOFFMAN.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. EVIDENCE—JUDICIAL NOTICE—WHEN STATUTES TAKE EFFECT
    The courts will take judicial notice of the time when a statute takes effect, and therefore may resort to any source of information in regard thereto.

2. STATUTES—REVIVAL—LIABILITY OF DIRECTORS FOR CORPORATE DEBTS.
    Laws 1890, c. 564, § 70, repealed Laws 1877, c. 228, § 3, making directors of corporations which have no capital stock personally liable for corporate debts. Laws 1892, c. 688, amends the act of 1890 "so as to read as follows," and omits the repealing clause. Laws 1892, c. 677, § 33, approved on the same day as chapter 688, declares that no provision of any chapter of the revision of the general laws, of which said chapters

677 and 688 are parts, "shall supersede or repeal by implication any law passed at the same session of the legislature at which any such chapter was enacted, or law passed after the enactment of any such chapter and before it shall have taken effect." *Held*, that Laws 1892, c. 688, was not affected by Laws 1892, c. 677, § 31, which provides that "the repeal hereafter, or by this chapter, of any provisions of a statute which repeals any provision of a prior statute, does not revive such prior statute," and therefore section 3 of the act of 1877 was revived by the act of 1890.

Appeal from city court, general term.

Action by William Ottmann & Co., a corporation, against Joseph E. Hoffman, as a trustee of the Importers' & Traders' Club, a corporation, to recover a debt due from the corporation to plaintiff pursuant to the provisions of section 3 of chapter 228 of the Laws of 1877. From a judgment of the city court (26 N. Y. Supp. 881) affirming a judgment overruling a demurrer to the complaint and awarding to plaintiff the relief demanded therein, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Leo G. Rosenblatt, for appellant.

Joseph Fettretch, for respondent.

BISCHOFF, J. By the express provisions of the constitution of this state (article 4, § 9), acts of the legislature approved by the governor become effective as laws only upon such approval (Suth. St. Const. § 104); and whenever, in the ascertainment of the rights and obligations of parties, such becomes material, courts may inquire into the precise time when the several laws took effect. Louisville v. Portsmouth Sav. Bank, 104 U. S. 469. In the case last cited Mr. Justice Harlan observed that—

"Courts may, when substantial justice requires it, ascertain the precise hour when a statute took effect by the approval of the executive. * * * We look to the final act of approval by the executive to find when the statute took effect, and, when necessary, inquire as to the hour of the day when that approval was in fact given."

The legal fiction that the law does not recognize the fractions of a day does not obtain in such a case. Suth. St. Const. § 110. This is in accord with the views expressed by Judge Story in the following terse language:

"I am aware that it is often laid down that in law there is no fraction of a day; but this doctrine is true only sub modo, and in a limited sense, where it will promote the right and justice of the case. It is a mere legal fiction, and therefore, like all other fictions, is never allowed to operate against the right and justice of the case. On the contrary, the very truth and facts, in point of time, may always be averred in furtherance of the right and justice of the case; and there may be even a priority in an instant of time; or, in other words, it may have a beginning and an end." In re Richardson, 2 Story, 571, Fed. Cas. No. 11,777.

See, also, Grosvenor v. Magill, 37 Ill. 239; Small v. McChesney, 3 Cow. 19; Clute v. Clute, 3 Denio, 263; Phelan v. Douglass, 11 How. Pr. 193; Rusk v. Van Benschoten, 1 How. Pr. 149; Blydensburgh v. Cotheal, 4 N. Y. 418.

The complaint predicates defendant's liability upon the facts that at the time of the contraction of the alleged debt, defendant was a trustee of the Importers' & Traders' Club, a corporation organ-

ized without capital stock, pursuant to the provisions of chapter 228 of the Laws of 1877, and of the provisions of section 3 of the chapter and law last referred to, which are to the effect that the trustees of such a corporation shall be jointly and severally liable for all the debts contracted by it while the persons proceeded against were such trustees, and provided an action to enforce the liability is brought within two years from the time when the debt accrued. No question arises, with reference to the contraction of the debt by the Importers' & Traders' Club, that defendant was a trustee at the time of the contraction of the debt, and that this action was brought in due time. The allegations of the complaint in these respects are admitted by defendant's demurrer. Cutler v. Wright, 22 N. Y. 472, 478. But defendant contends the provisions of section 3 of chapter 228 of the Laws of 1877 were not in force at the time of the contraction of the debt, June 1, 1892, to December 31, 1892, and whether they were or not is the precise question intended to be raised by the demurrer. The stock corporation law (chapter 564, Laws 1890) in express terms repealed the provisions of section 3 of chapter 228 of the Laws of 1877. Section 70 of the stock corporation law of 1890 provided that so much of the several laws which were enumerated in the schedule annexed to article 4 of the act as was specified in the last column of the schedule should be deemed to be repealed, but that the repeal should not be deemed to have revived any prior law which was repealed by the law last repealed, and should include within its effect all laws amendatory of the law last repealed. Among the laws specified in the last column of the schedule are sections 3, 4, and 5 of chapter 228 of the Laws of 1877. Section 73 of the stock corporation law of 1890 provided that the provisions of that act should be effective from and after May 1, 1891. In 1892 (chapter 688, Laws 1892) the stock corporation law of 1890 was amended. The amendatory act provided that the act of 1890 should "read as follows," and then substituted provisions which omit those of section 70 of the act of 1890, and others of like purport. Neither does the amendatory act of 1892 contain any provisions which are in conflict with the continued vitality of section 3 of chapter 228 of the Laws of 1877. It is always to be assumed that the legislature acted deliberately and with full knowledge of all existing laws, and when, therefore, it undertakes to substitute one law for another, its intention to repeal the latter is obvious. Such a substitution is apparent from a subsequent act which provides that a former act shall be amended "so as to read as follows" (Moore v. Mausert, 49 N. Y. 332; People v. Supervisors of Montgomery Co., 67 N. Y. 109; In re Prime, 136 N. Y. 347, 32 N. E. 1091; Suth. St. Const. § 137); and since the effect of the repeal of a repealing law is to restore the law repealed by the latter, in the absence of a contrary intention expressly declared, or necessarily to be implied from the enactment of provisions conflicting with those of the law which would otherwise be revived (Wheeler v. Roberts, 7 Cow. 536; Van Denburgh v. President, etc., 66 N. Y. 1; Suth. St. Const. §§ 162, 168), it is indisputable that the act of 1892 amendatory of the stock corporation law of 1890 revived the

provisions of section 3 of chapter 228 of the Laws of 1877, and restored them to full force and vigor with respect to all transactions subsequent to the taking effect of the amendatory act of 1892, unless the last-mentioned act is affected by the provisions of chapter 677 of the Laws of 1892, known as the "Statutory Construction Law," and next to be noticed.

The statutory construction law (chapter 677, Laws 1892) provides (section 1) that the provisions of that act shall be applicable "to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter," and (section 31) "that the repeal hereafter, or by this chapter, of any provision of a statute which repeals any provision of a prior statute, does not revive such prior provision." Obviously, then, if the act of 1892 (chapter 688) amendatory of the stock corporation law of 1890 is affected by the provisions of section 31 of the statutory construction law of 1892, the repeal of the stock corporation law of 1890 did not revive the provisions of section 3 of chapter 228 of the Laws of 1877, and defendant thus would have to be absolved from liability thereunder. But both laws—the statutory construction law of 1892 as well as the act of 1892 by which the stock corporation law of 1890 was amended and repealed—were approved by the governor on the same day, and each provided that it should take effect immediately; and, as the question of the order of their approval is presented to us by demurrer to the complaint, we have not the advantage of evidence adduced by either party to aid us in determining the order of their priority in respect to executive sanction, and their consequent taking of effect. Plaintiff, therefore, contends that, since both' acts took effect on the same day, it must be assumed that they became laws simultaneously, and hence that the act amending and repealing the stock corporation law of 1890 is not affected by the provisions of section 31 of the statutory construction law of 1892, because that section is made applicable only to repeals subsequent to its enactment. Defendant, on the other hand, maintains that, inasmuch as the act of 1892 which amends and repeals the stock corporation law of 1890 is numbered 688, while the statutory construction law of 1892 is numbered 677, the presumption is that the acts were severally approved in the order in which they appear numbered, 677 being first, and 688 later in point of time; and so that the inhibition of the revival of a law repealed by a law in turn also repealed, provided for by section 31 of the statutory construction law of 1892 (chapter 677), applies to the act of 1892 (chapter 688) amending and repealing the stock corporation law of 1890; and that section 3 of chapter 228 of the Laws of 1877 cannot, therefore, be deemed to have been revived by the repeal of section 70 of the stock corporation law of 1890, and was, therefore, not in force at the time of the contraction of plaintiff's demand against the Importers' & Traders' Club.

In Board of Health v. Schmades, 3 Daly, 282, 10 Abb. Pr. (N. S.) 205, it was held at general term of this court (Daly, C. J., and Van Brunt and Loew, JJ., concurring) that when two inconsistent acts

of the legislature are enacted on the same day the order of their priority in enactment may, in the absence of facts to the contrary, be inferred to have been as indicated by their respective numbers; the one bearing the earlier number being deemed to have been first enacted. See, also, Strauss v. Heiss, 48 Md. 292. The same result might, however, also be reached upon other grounds respecting the case at bar. It was incompetent for defendant to tender any issue of fact by pleading the later approval or enactment of the act of 1892 amending and repealing the stock corporation law of 1890. The determination of that question comes within the range of those matters of which courts and judges are required to take judicial notice, and which need not, therefore, be proved. "In fine," says Chief Judge Hunt in Swinnerton v. Insurance Co., 37 N. Y. 174, "courts will generally take notice of whatever ought to be generally known within the limits of their jurisdiction; and where the memory of the judge is at fault he may resort to such documents of reference as may be at hand and he may deem worthy of confidence." In Purdy v. People, 4 Hill, 384, the question was whether or not the act there under discussion was passed by a majority of the legislature or by a vote of two-thirds, and Senator Franklin observed (page 404): "Judges are bound to take notice of a general law, and it is their province to determine whether it be a statute or not; for, as against a general statute, nul tiel record cannot be pleaded, but it must be tried by the judges, who are to inform themselves in the best way they can." In Town of South Ottawa v. Perkins, 94 U. S. 260, it was held that the question whether an alleged statute "is really a law or not is a judicial one, and is not a question of fact to be determined by a jury;" and this was approved in Walnut v. Wade, 103 U. S. 683. In Gardner v. Barney, 6 Wall. 499, the controversy was concerning the time of the taking of effect of an act of congress by the president's approval, and Mr. Justice Miller, in delivering the opinion of the court, declared: "There is no reason, then, on sound principle, why the court should confine itself to the date made by the president, or, if he has made none, should reject all other sources of knowledge. The judicial notice of the court must extend, not only to the existence of the statute, but to the time at which it takes effect, and to its true construction. * * * We are of opinion, therefore, on principle as well as authority, that whenever a question arises in a court of law of the existence of a statute, or of the time when a statute took effect, or of the precise terms of a statute, the judges who are called upon to decide it have a right to resort to any source of information which in its nature is capable of conveying to the judicial mind a clear and satisfactory answer to such question; always seeking first for that which in its nature is most appropriate, unless the positive law has enacted a different rule." In The Prince's Case, 8 Coke, 28, it was the opinion of the court "that against a general act of parliament, or such whereof the judges ex officio ought to take notice, the other party cannot plead nul tiel record; for of such acts the judges ought to take notice. But if it be misrecited the party ought to demur in law upon it; and in that case the law is grounded

upon great reason, for God forbid, if the record of such acts should be lost, or consumed by fire or other means, that it should be to the general prejudice of the commonwealth, but rather, although it be lost or consumed, the judges, either by the printed copy, or by the record in which it is pleaded, or by other means, may inform themselves of it." See, also, Hale, Com. Law, pp. 14, 16; 1 Kent, Comm. p. 460; Id. (Lacy's Ed.) 484 et seq.; Suth. St. Const. § 181 et seq., 292 et seq. Judicial notice of a general statute extends to the time when it takes effect. State v. Foote, 11 Wis. 16; State v. Bailey, 16 Ind. 46; Heaston v. Railroad Co., Id. 275; Pierson v. Baird, 2 G. Greene, 235; Berliner v. Waterloo, 14 Wis. 378. We would be authorized, therefore, upon abundant authority, in the absence of a record of the precise time of the day at which the several acts of the legislature were respectively approved by the governor, to inquire of those who, in the performance of their public duties, were present on the occasion of such approval, and to receive their statements, to aid us in the determination of the question suggested by this appeal. It appears from the statement of State Senator John J. Linson, submitted for appellant, that he was present when the statutory construction law (chapter 677, Laws 1892) received executive approval; and that it was the first of the chapters, the priority of which is in dispute, which was so approved. Mr. T. S. Williams, then the governor's private secretary, states that the exact time of approval was not recorded, but that bills are usually signed by the governor in the order in which they are numbered. We have no reason to doubt the accuracy of these statements; nor are they disputed. As the result, therefore, we would be constrained to conclude that chapter 677 of the Laws of 1892 became effective before chapter 688 of the same year, and hence that the latter chapter was subsequent, within the meaning of section 31 of chapter 677; and so that section 3 of chapter 228 of the Laws of 1877 was not revived by the repeal of the statutory construction law of 1890. But clearly the statutory construction law of 1892 (chapter 677) affords intrinsic evidence that it was not intended to, and therefore did not, affect acts passed by the legislature at the same session. Chapters 677–691 comprised the revision of general laws which were enacted by the legislature at its session of 1892. Section 33 of the statutory construction law (chapter 677) expressly provides that "no provision of any chapter of the revision of the general laws, of which this chapter is a part, shall supersede or repeal by implication any law passed at the same session of the legislature at which any such chapter was enacted, or passed after the enactment of any such chapter and before it shall have taken effect." To hold, therefore, that the inhibition of section 31 of the statutory construction law (chapter 677) against the implied revival of the provisions of a statute repealed by another statute, in turn also repealed, applies to the act (chapter 688) amendatory of and repealing the stock corporation law of 1890, is in effect to say that the provisions of chapter 688, in so far as they operated to revive section 3 of chapter 228 of the laws of 1877, were in fact superseded by the provisions of section 31 of chapter 677, though

both chapters, 677 and 688, were enacted at the same session of the legislature. This would be contrary to the declared legislative intention, and in this aspect of the question it is immaterial which of the chapters was first approved by the governor. We are of the opinion, therefore, that the question presented to us was correctly decided by the court below, and that the judgments appealed from should be affirmed, with costs. All concur.