THE PEOPLE ex rel. PERRIN A. STROUGH, Appellant, *v.* BOARD OF COUNTY CANVASSERS OF JEFFERSON COUNTY, Respondent.

It is the duty of the court, when passing upon an act of the legislature, to uphold and give effect to it if possible, when the legislative intent is plain.

Where a statute expresses plainly the legislative intent, and provides fully upon the subject considered, it is not invalidated by the fact that it is put in the form of an amendment to a statute which had previously been repealed; it may be upheld as an independent statute.

The provision of the Common School Act of 1856 (§ 16, chap. 179, Laws of 1856), in relation to the formation of school commissioners' districts in counties containing cities which under special acts elect superintendents of common schools, was not repealed, directly or by implication, by the act of 1864 (Chap. 555, Laws of 1864), revising and consolidating the general acts relating to public instruction.

Conceding the said provision to have been repealed, the same was re-enacted, as amended, by the act of 1883 (Chap. 414, Laws of 1883), which by its title purports to be "an act to amend" said provision.

(Argued June 19, 1894; decided June 22, 1894.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made April 24, 1894, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*John N. Carlisle* for appellant. The board of supervisors of Jefferson county had no power to change the school commissioners' districts of Jefferson county, and the act passed by them at their session in 1892 is absolutely void and of no effect whatever. (Laws of 1856, chap. 179; Laws of 1864, chap. 555; Laws of 1883, chap. 414.) If it should be held that section 16 of chapter 179 of the Laws of 1856 was not directly repealed by chapter 555 of the Laws of 1864, it was clearly repealed by implication. (*In re N. Y. Inst.*, 121 N. Y. 234; *People* v. *Jaehne*, 103 id. 194; *Cromwell* v. *MacLean*,

123 id. 484; *Heckmann* v. *Pinkney*, 81 id. 211.)  Section 16 of the act of 1856 was not a special or local statute and does not come within the rules applicable to such. (*People ex rel.* v. *Squire*, 107 N. Y. 600.)  If the court should hold that section 16 of the act of 1856 was repealed by the provisions of the act of 1864, then chapter 414 of the Laws of 1883 which purported to amend said section 16 was a nullity and conferred no power on the board of supervisors to re-district the county. (*People* v. *Wilmerding*, 136 N. Y. 365–373; *L. & N. R. Co.* v. *City of East St. Louis*, 25 N. E. Rep. 962; *State ex rel.* v. *Benton*, 51 N. W. Rep. 140; *Hall* v. *Craig*, 125 Ind. 529; *Feibleman* v. *State*, 98 id. 516; *McIntyre* v. *Marine*, 93 id. 193; *Lawson* v. *De Bolt*, 78 id. 563; *Brocaw* v. *Gibson*, 73 id. 543; *Marion Co.* v. *Smith*, 52 id. 420; *Blakemore* v. *Dolan*, 50 id. 194; *Draper* v. *Falley*, 33 id. 465; *Wall* v. *Garrison*, 11 Col. 515; *Stingle* v. *Nevil*, 9 Oreg. 62; *Lenhard* v. *Lynch*, 62 How. Pr. 56.)  Where an act is wholly void, because under the law there is no power to do the act brought in question, it cannot be made valid by way of estoppel. (*Veeder* v. *Mudget*, 95 N. Y. 310; *Scoville* v. *Thayer*, 105 U. S. 143; *Strough* v. *Bd. Suprs.*, 119 N. Y. 212.)  The provisions of the new ballot law do not prevent a voter from voting for any candidate whom he chooses; he may, as provided in the act (§ 25), "write or paste upon his ballot the name of any person for whom he desires to vote for any office," although said person has not received a proper nomination by any political party. (*People* v. *Bd. Canvassers*, 133 N. Y. 493.)  The essential facts being admitted in this case the remedy by a writ of peremptory mandamus was proper. (Laws of 1892, chap. 680, § 133; *People ex rel.* v. *Suprs.*, 51 N. Y. 401; *People ex rel.* v. *Suprs.*, 67 id. 109, 114–116; *People ex rel.* v. *Suprs.*, 68 id. 114–119.)

*Watson M. Rogers* for respondent. The order is not appealable. (*People ex rel.* v. *Ferris*, 76 N. Y. 326; *Brooke* v. *M. C. Co.*, 93 id. 647.)  Mandamus is not proper. (High Ex. Rem. § 915; 14 Am. & Eng. Ency. of Law, 97, note;

*People ex rel.* v. *Stevens,* 5 Hill, 615 ; *People ex rel.* v. *Bd. Suprs,* 12 Barb. 217 ; *People ex rel.* v. *Ferris,* 76 N. Y. 326 ; *In re Gardner,* 68 id. 467.) Mandamus does not determine title to office. (*People ex rel. Sherwood* v. *Bd. of Canvassers,* 129 N. Y. 373 ; Code Civ. Pro. §§ 1993, 1994 ; *People ex rel.* v. *Goetting,* 133 N. Y. 569.) Relator is not entitled to mandamus. (*People ex rel.* v. *Hayt,* 66 N. Y. 606.) The action of the board in re-districting the county was legal. (Laws of 1864, chap. 555 ; Laws of 1881, chap. 543, § 1 ; Laws of 1892, chap. 686.) Section 16 of the act of 1856 is not repealed. (*People ex rel.* v. *Morrison,* 78 N. Y. 84 ; *Whipple* v. *Christian,* 80 id. 523 ; *Smith* v. *People,* 47 id. 330–339 ; 69 id. 175 ; *Van Vranken* v. *City of Schenectady,* 31 Hun, 516–518 ; Laws of 1894, chap. 556.) Assuming section 16 was repealed by the act of 1864, the act of 1883 can stand as a complete independent statute ; it needs no other for its support. (*Van Clief* v. *Van Vechten,* 55 Hun, 467 ; *In re Cavanaugh,* 125 N. Y. 418.)

Gray, J. The relator by this proceeding has sought to compel a re-canvass of the votes cast at the election held in November, 1893, for school commissioner of the third school commissioner's district, in the county of Jefferson. His object is thereby to secure his election as a school commissioner ; which would be accomplished, he alleges, if those votes were canvassed which were cast in the school district as its boundaries were fixed prior to 1892. In that year the board of supervisors of Jefferson county, at their annual meeting, undertook to change the boundaries of the different school commissioners' districts, and if they had the power to do so, then it is not disputed but that their act was valid. That power was, apparently, given to them by the provisions of chapter 414 of the Laws of 1883 ; but the relator insists that that act of the legislature was ineffectual for the purpose claimed, because it was in amendment of a section of the Common School Law, which had been repealed ; either directly or by implication. The act passed in 1883 was entitled " An act

to amend section 16 of chapter 179 of the Laws of 1856, entitled 'An act to provide for a more thorough supervision and inspection of common schools, and further to amend the statutes relating to public instruction in this state.'"

It provided as follows:

"SECTION 1. Section 16 of chapter 179 of the Laws of 1856, is hereby amended so as to read as follows:

"SECTION 16. The several cities which already or which shall hereafter under special acts elect superintendents of common schools or whose board of education choose clerks doing the duty of supervision under the direction of the board of education, shall not be included in any commissioner's district created by this act or authorized to be formed by the board of supervisors; and the several boards of supervisors in counties in which such cities are joined to towns in the formation of an assembly district, may divide the county, exclusive of such cities, into school commissioners' districts as they may deem advisable, but no town shall be divided in forming such districts."

Section 16 of chapter 179 of the Laws of 1856 had provided as follows: "The several cities in this state which under special acts already elect superintendents of common schools, or whose board of education choose clerks doing the duty of supervision under the direction of the board of education shall not be included in any school commissioner's district created by this act or authorized to be formed by the board of supervisors and the several boards of supervisors in counties in which such cities are joined to towns in the formation of an assembly district, may divide the county, exclusive of such cities, into school commissioners' districts as they may deem advisable, but no town shall be divided in forming such districts."

In 1864 the legislature passed an act (Chap. 555, Laws 1864) in revision and consolidation of the general acts relating to public instruction, and section two of the second title, which treated of the election, powers and duties of school commissioners, provided as follows:

"The districts as organized under existing laws, and as recognized in the election of school commissioners at the annual election in 1863, shall continue to be held and regarded as the school commissioner districts in this state, except as the same shall be altered or modified by the legislature."

Section 14 of title thirteen of the act repealed all repugnant or inconsistent provisions of law; but provided that nothing in the act shall be construed " to impair or in any manner affect or change any special law touching the schools or school system of any city or incorporated village of the state." It is argued for the relator that this latter section directly repealed section 16 of the act of 1856; or, if that was not its effect, that it was repealed by implication and upon the principle that where the revising statute has covered the whole subject-matter of the former statute, it must be deemed to contain the whole law on the subject and to work the repeal of all previous legislation touching it. I should say that there was neither a direct repeal, nor a repeal by implication of the particular provision of the act of 1856 in question and the reasons given in the opinion of the General Term justices are satisfactory upon that point.

The existence of the act of 1856, which was by its terms limited in its application to particular counties of the state and concerned certain of its cities, was not inconsistent with the provisions of the general act of 1864, and, in the absence of language expressing unequivocally the intention of the legislature to repeal the special act, the courts should not incline to the view that there was an implied repeal.

But this case may rest, for its decision, upon the broad principle that chapter 414 of the Laws of 1883 was a re-enactment of the law, as contained in the act of 1856 and, as an independent statute, is unaffected by considerations of whether the provision of law, which it purports to amend, has been repealed or not by previous statutes. It is the duty of the court, when passing upon an act of the legislature, to uphold and give effect to it, where it is possible and when the legislative intent is plain, and there is no room for doubt here as

to what the legislature intended. They enacted a law which exempted certain cities from the supervision of school commissioners and which authorized the several boards of supervisors, in counties where such cities were joined to towns in the formation of assembly districts, to divide, as they might deem advisable, their county, exclusive of such cities, into school commissioner districts.

The enactment of this law is put into the form of an amendment of a law, which was standing upon the statute books and whether that earlier law, by force of subsequent legislation, had become inoperative is wholly immaterial. The only question is, has the legislature in the enactment complained of expressed its purpose intelligibly and provided fully upon the subject. If it has, then its act is valid and must be upheld.

That is the case here. The act of 1883 contains all that is provided for in the particular section of the act of 1856 and gives full power to the boards of supervisors, with respect to the formation of school commissioners' districts. A law thus explicit and complete may not be disregarded, or invalidated, because of a possible mistake of the legislature with respect to the existence of the statute, in amendment of which the act is passed. It is an enactment of a law, in any view.

Further discussion upon this question is needless, in view of the fullness and ability with which it is treated in the opinion below and, for the reasons there and here stated, the order appealed from should be affirmed, with costs.

All concur, except O'BRIEN, J, not voting.

Order affirmed.