### ALBERT LOEWEN v. JOHN MYERS.

(Filed February 14, 1907.)

**JUSTICES OF PEACE—Appeals From.** The act approved March 2, 1905, relating to appeals from judgments of justices of the peace, Session Laws 1905, chap. 28, art. 9, p. 331, does not change or repeal the law governing appeals to the district court from final judgments of Justices of the Peace.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*J. M. Dodson,* for plaintiff in error.

*Houston & Buckner,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The record in this case presents but one question, and the defendant in error has filed no brief. The question involved is the right of appeal from a judgment rendered by a justice of the peace in a civil cause to the district court for trial *de novo.* The defendant in error, Myers, brought suit against plaintiff in error, Loewen, before C. B. Wilson, a justice of the peace for the city of Enid township, in Garfield county. A change of venue was taken to another justice and the cause was there tried and judgment rendered by the justice of the peace in favor of Myers, and against Loewen for the sum of $93.05 and costs. An

appeal was taken by Loewen to the district court of Garfield county, and in that court the appeal was dismissed by the court upon motion of the appellee, Myers, upon the grounds that the court had no jurisdiction of the appeal. The plaintiff in error excepted to the order and judgment of the district court and now assigns that action here as error.

There is no question but that prior to the enactment of the act of the legislative assembly of 1905, chap. 28, art. 9, p. 331 session laws 1905, the district court had jurisdiction of appeals in this class of cases. We are advised that the district court held that by the terms of this latter act the right of appeal to the district court in that class of cases had been repealed and that the appeal should have been to the probate court. The correctness of this holding depends upon the effect to be given to the 1905 law. The law is as follows:

"In all cases not otherwise especially provided for by law, either party may appeal from the final judgment of the justice of the peace to the probate court of the county where the judgment was rendered: Provided, however, that the judgment in the probate court shall be final, unless the judgment of the amount in controversy, exclusive of costs, shall exceed fifty dollars ($50.00)."

"Section 2. All acts and parts of acts in conflict with this act are hereby repealed."

The inquiry is: What classes of cases does this act apply to? The answer is: "All cases not otherwise especially provided for by law." To ascertain what cases the law does not especially provide for, we must look to the laws prior to 1905. By section 5044, Wilson's Statutes, 1903, we find "That in all cases not otherwise specially provided for by law, either party may appeal from the final judgment of any

justice of the peace to the district court of the county where the judgment was rendered." This provision embraces every case except the two classes specified in section 5053, in which it was provided that no appeal should be allowed, viz: Judgments rendered on confession, and judgments rendered in jury trials where neither party claims in his bill of particulars a sum exceeding twenty dollars. Prior to the 1905 act, no appeal was allowed to any court in these last two mentioned classes of cases. Special provision was already made for every other class of civil cause to be appealed to the district court, and this was the state of the law when the 1905 act became a law. Now, what changes did it effect? It provides for appeals to the probate court from the final judgment of the justice of the peace in all cases not otherwise specially provided for, and the only cases coming within this designation are the two exceptions named in section 5053, and hence these two classes are the only ones the law has to operate upon. Hence the law, as now amended by the act of 1905 is, that appeals in all cases from the final judgments of justices of the peace may be taken to the district court; except, first, judgments rendered on confession, and second, in jury trials where neither party claims in his bill of particulars a sum exceeding twenty dollars; and these two classes of cases may be appealed to the probate court. We desire to here say, that we are not called upon to determine the validity of this last provision for appeals to the probate court, and we express no opinion thereon.

Our attention is called to the title of the 1905 act, and that it indicates that the purpose of the act is to amend

section 5044 of Wilson's statutes of 1903. The title is no part of the law, nor would a law be invalid which had no title. This question was discussed and passed upon by this court in the case of *C. O. & G. R. R. Co. v. Alexander*, 7 Okla. 591 and it was there said:

"The title to an act of the legislature will be looked to as one of the means of discovering the purport of a doubtful act, but this will only be in cases of ambiguity and uncertainty in the provisions of the act, and if need be, to aid in its construction, but it will never be held to control the plain, unambiguous meaning of a statute, nor to explain or restrict its positive provisions. The statute in question is plain and unambiguous; the legislative will is expressed by the language used and we are not permitted to go outside of the act itself to discover a different intent where on uncertainty appears upon the fact of the act itself. But we are told that this is not what the legislature intended by the enactment of the law of 1905. We will not attribute to the legislative assembly such incapacity as to hold that it expressed its meaning in plain English to one purpose, but meant another."

The law of 1905 does not change the law of appeals to the district court from justices of the peace, and the district court of Garfield county erred in dismissing the appeal in this cause.

The judgment of the district court of Garfield county is reversed, with directions to reinstate the appeal and proceed in the cause as may be proper. Reversed at the costs of defendant in error.

Pancoast, J. and Garber, J., dissenting; all the other Justices concurring.