MAER MFG. CO. v. COX.

No. 2113, Okla. T.    Opinion. Filed September 9, 1908.

(97 Pac. 649.)

**JUSTICES OF THE PEACE — Probate Courts — Appeal — Jurisdiction.**
The probate court has no jurisdiction on appeal from a judgment of a justice of the peace in an action where the amount claimed is less than $20, and where there was no jury trial and the judgment was not rendered on confession.

(Syllabus by the Court.)

*Error from Probate Court, Lincoln County; Fred A. Wagoner, Judge.*

Action by the Maer Manufacturing Company against W. E. Cox. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

This is an action on an account, originally brought in the justice court of Cimarron township, Lincoln county. The amount

of the account for which judgment was sought was $15. In the trial of the case in the justice court a jury was summoned, but was never sworn to try the case. Judgment was rendered on the pleadings in favor of the defendant in error, who was plaintiff in that court. From the judgment of the justice court, defendant in error, defendant in that court, appealed to the probate court of Lincoln county, in which court plaintiff in error moved the court to dismiss the appeal, on the ground that the probate court was without juridiction to hear the same. The court overruled this motion, and the case was tried *de novo* without a jury, and judgment was rendered in favor of defendant. Many assignments of error have been made by plaintiff in error in his petition in error for a reversal of this case; but it will be necessary for us to consider only the one which complains of the action of the court in refusing to dismiss the appeal for want of jurisdiction.

*J. M. Springer*, for plaintiff in error.

*J. B. A. Robertson, Roy Hoffman,* and *S. A. Cordell,* for defendant in error.

HAYES, J. (after stating the facts as above). By section 5044 of Wilson's Revised and Annotated Statutes of Oklahoma of 1903, it is provided that "in all cases, not specially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered," and the subsequent sections provide a procedure governing such appeals to the district court. Section 5053 of said statutes reads as follows:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated, in which no appeal shall be allowed: First, on judgments rendered on confession. Second, in jury trials where neither party claims in his bill of particulars a sum exceeding twenty dollars."

Under these two sections, appeals could be had from the judgment of the justice court by either party to the district court, except in the two classes of cases mentioned in section 5053. These

sections of the statute were adopted and put in force in the territory of Oklahoma by act of the Legislature of 1893. The Legislature of 1905 passed an act (Sess. Laws 1905, p. 331, c. 28, art. 9) which provides for appeal from the final judgment of justices of the peace in all cases not otherwise specially provided for by law to the probate court of the county where the judgment was rendered. This act of the Legislature was construed by the Supreme Court of the territory of Oklahoma in *Loewen v. Meyers,* 18 Okla., 300, 88 Pac. 1046. In that case the court held that the act of 1905 did not change the law as to appeals in all cases except those specially excepted in section 5053, *supra,* and that in all cases except of the two classes mentioned in section 5053 an appeal from the judgment of the justice of the peace lies to the district court. The case at bar does not belong to either of said two classes of cases specifically mentioned in section 5053, and therefore the appeal in this case should have been taken to the district court.

Defendant in error insists that plaintiff in error, by reason of its appearing and proceeding in the trial in the probate court, has waived its right to insist upon the probate court's want of jurisdiction; but the probate court was without jurisdiction of the subject-matter in this action on appeal from the justice court, and want of jurisdiction of the subject-matter is never waived, but may be raised at any time. If the plaintiff in error had appeared and proceeded to trial in the probate court without having made objection to that court's want of jurisdiction, there would have been no waiver of same. *Beach v. Beach,* 4 Okla. 359, 46 Pac. 514; *Rhyne v. Manchester Assurance Co.,* 14 Okla. 555, 78 Pac. 558.

The judgment of the trial court is reversed, and the cause remanded, with directions to dismiss the appeal.

All the Justices concur.