## St. Louis & S. F. R. Co. v. Bray *et al.*

### No. 121.    Opinion Filed July 13, 1909.

### (103 Pac. 573.)

1.  **JUSTICES OF THE PEACE—Appeal—County Court.** An action instituted since the admission of the state into the Union in a justice of the peace court, for the recovery of a sum less than $20, where due service was had upon the defendant, and upon return day said defendant (plaintiff in error) failed to appear at the time designated in the summons, or within one hour thereafter, or at any time prior to the rendition of judgment, the plaintiff appearing and demanding a jury, which, after hearing said cause returned a verdict in favor of the plaintiff against the defendant in a sum less than $20: **Held,** that an appeal lies from such judgment to the county court.

    Such an action instituted in a justice of the peace court, and judgment finally rendered therein in like manner, prior to the admission of the state into the Union, an appeal would lie from such judgment to the proper probate court of Oklahoma Territory.

2.  **JUSTICE OF THE PEACE—Constitutional Law—Appeal—County Court—Constitutional Provisions—Self-Executing.** The apellate jurisdiction of the probate and district courts of the territory of Oklahoma, as to cases appealed from the justice of the peace courts by sections 14 and 18, art. 7 (Bunn's Ed. sections 186, 190; Snyder's Ed. pp. 221, 222), of the Constitution, is comprehended by that of the county courts of the state, until otherwise provided by law.

    Said sections 14 and 18, article 7, of the Constitution, as to appeals from judgments of justice of the peace courts to the county courts, are self-executing.

(Syllabus by the Court.)

*Error from Custer County Court; A. H. Latimer, County Judge.*

Action in a justice's court by W. O. Bray and others against the St. Louis & San Francisco Railroad Company. Judgment was rendered for plaintiffs, and defendant appealed to the county court, where the appeal was dismissed, and defendant brings error. Reversed, with instructions to reinstate the appeal.

*Flynn & Ames* and *R. A. Kleinschmidt,* for plaintiff in error, citing: Bunn's Ann. Const. Okla. §§ 28, 183, 186, 190.

*M. L. Holcombe,* for defendants in error.

WILLIAMS, J.   It is essential to determine in this case whether or not, in an action instituted since the admission of the state into the Union in a justice of the peace court, for the recovery of a sum less than $20, where due service was had upon the defendant, and upon return day said defendant (plaintiff in error) failed to appear at the time designated in the summons, or within one hour thereafter, or at any time prior to the rendition of judgment, the plaintiff appearing at the designated time and demanding a jury, which after hearing said cause, returned a verdict in favor of the plaintiff against the defendant in a sum less than $20, an appeal lies therefrom to the county court.

In the case of *Loewen v. Myers,* 18 Okla. 302, 88 Pac. 1046, the question was raised as to whether or not section 1, art. 9, c. 28, p. 331, Sess. Laws Okla. T. 1905, deprived the district court of jurisdiction of all classes of cases on appeal from a justice of the peace.   Said section is as follows:

"In all cases not otherwise especially provided for by law, either party may appeal from the final judgment of the justice of the peace to the probate court of the county where the judgment was rendered.   *   *   *  "

The court said:

"To ascertain what cases the law does not especially provide for, we must look to the laws prior to 1905.   By section 5044, Wilson's Rev. & Ann. St. 1903, we find 'that in all cases not otherwise especially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered.'   This provision embraces every case except the two classes specified in section 5053, in which it is provided that no appeal shall be allowed, viz.: Judgments rendered on confession, and judgments rendered in jury trial where neither party claims in his bill of particulars a sum exceeding $20.   Prior to the 1905 act, no appeal was allowed to any court in these last two mentioned classes of cases.   Special provision was already made for every other class of civil cause to be appealed to the district court, and this was the state of the law when the 1905 act (Laws 1905, p. 331, c. 28, art. 9, § 1) became a law.   Now, what changes did it effect?   It provides for appeals to the probate court from the final judgment of the jus-

tice of the peace in all cases not otherwise specially provided for, and the only cases coming within this designation are the two exceptions named in section 5053, and hence these two classes are the only ones the law has to operate upon. Hence the law, as now amended by the act of 1905, is that appeals in all cases from the final judgments of justices of the peace may be taken to the district court, except, first, judgments rendered on confession, and, second, in jury trials where neither party claims in his bill of particulars a sum exceeding $20; and these two classes may be appealed to the probate court."

See, also, *Maer Mfg. Co. v. Cox,* 21 Okla. 846, 97 Pac. 649.

Now, under sections 5044 and 5053, Wilson's Rev. & Ann. St. 1903, and section 1, art. 9, c. 28, p. 331, Sess. Laws Okla. T. 1905, appeals lie in all civil cases from judgments of the justices of the peace, under the holdings of the Supreme Court of the Territory of Oklahoma, either to the probate courts or the district courts of said territory; said appeals lying to the district court in all cases, except (1) on judgments rendered on confession, and (2) in jury trials where neither party claims in his bill of particulars a sum exceeding $20, and in the latter two classes of cases appeals lying to the probate court. In the case of *Loewen v. Myers, supra,* the Supreme Court of the Territory of Oklahoma states that in said case it was not called upon to determine the validity of section 1, art. 9, c. 28, p. 331, Laws 1905, *supra,* providing for appeals to the probate courts, and therefore it expressed no opinion thereon. The validity of this provision has neither been challenged nor discussed in the briefs of any of the parties hereto, and as a rule courts will not determine upon the constitutionality of an act of the Legislature unless the same is challenged. Of course, if said act of the Legislature of Oklahoma Territory was in conflict with the organic law, it would be invalid; but it neither having been challenged nor discussed, we will assume, for the purpose of this case, that it was not repugnant to said organic law. Hence we conclude that under the laws of the territory of Oklahoma, up to the time of its admission as part of the state, an appeal would lie in the character of cases

as the one at bar, not to the district court, but to the probate court.

But in view of the conclusions hereinafter reached, it is not essential for us to determine whether or not said sections 5044 and 5053, Wilson's Rev. & Ann. St. 1903, and section 1, art. 9, c. 28, p. 331, Sess. Laws Okla. T. 1905, or either of them, extended to and remained in force in the state by virtue of the provisions of the Enabling Act or of the section 2 of the Schedule to the Constitution. For section 18, art. 7 (Bunn's Ed. § 190; Snyder's Ed. p. 222), of the Constitution, provides that:

"Until otherwise provided by law, appeals shall be allowed from judgments of the court of justices of the peace in all civil and criminal cases to the county court in the manner now provided by the laws of the territory of Oklahoma governing appeals from the courts of justices of the peace to the district courts."

Section 14, art. 7 (Bunn's Ed. § 186; Snyder's Ed. p. 221), of the Constitution, further provides that:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeal from judgments of the justices of the peace in civil and criminal cases and in all cases civil and criminal, appealed from justice of the peace to such county court there shall be a trial de novo on questions of both law and fact."

So whether or not the provisions of the laws of the territory of Oklahoma, relative to appeals from courts of justices of the peace to the probate and district courts of that territory, extended to and remained in force in the state, by virtue of said section 18, the right of appeal was created to the county court from courts of justices of the peace in all civil cases; and by said section 14 the jurisdiction, until otherwise provided by law, was lodged in the county court. This case, prior to statehood, would be appealable to the probate court, and not to the district court; but by virtue of said section 14 such appellate jurisdiction formerly obtaining in both the probate and district courts of the territory of Oklahoma is lodged in the county courts.

It may be further insisted that said provisions of the Constitution are prospective, and not self-executing, and for that reason

it is necessary to determine as to whether or not section 5044 and 5053, Wilson's Rev. & Ann. St. 1903, and section 1, art. 9, c. 28, p. 331, Sess. Laws Okla. T. 1905, extended to and remained in force in the state; but under the rules heretofore announced by this court, as to whether or not a provision of the Constitution is self-executing, there can be no question that said section 14 and 18 art. 7, Const., *supra,* are self-executing. *Ex parte McNaught,* 23 Okla. 285, 100 Pac. 27; *State v. Scales,* 21 Okla. 683, 97 Pac. 587; *State v. Millar,* 21 Okla. 448, 96 Pac. 747; *Ex parte Wagner,* 21 Okla. 33, 95 Pac. 435. Were said sections 14 and 18 not self-executing, it would then become necessary to pass upon the question as to whether or not said sections 5044 and 5053, Wilson's Rev. & Ann. St. 1903, and section 1, art. 9, c. 28, p. 331, Sess. Laws Okla. T. 1905, extended to and remained in force in the state, and whether or not the county court was the successor to the probate court of the territory of Oklahoma; but, in view of the foregoing conclusion, such determination is not necessary, and we express no opinion thereon.

As to whether or not section 3, art 1, c. 27, p. 285, Sess. Laws Okla. 1907-08, which provides that "the county court shall have, concurrent with the district court, appellate jurisdiction of judgments of justices of the peace, and of judgments of police judges in all civil and criminal causes," has the effect to confer a like appellate jurisdiction upon the district courts, we express no opinion in this case. However, the question would necessarily arise as to whether or not the provisions of said section 3 would be within the purview of the title of said act, and, if not, such provisions would fall.

It follows that, until the Legislature enacts otherwise, appeals lie in all civil cases, regardless of the amount, or whether the judgment is by confession or on the verdict of a jury, to the county courts from judgments of the justices of the peace. However, by virtue of section 19, art. 2 (Bunn's Ed. § 28; Snyder's Ed. p. 83), of the Constitution, it is within the province of the Legislature to at any time limit the right of appeal from judg-

ments of justices of the peace, or courts not of record, in civil actions where the amount involved, exclusive of costs, is less than $20; said· section provides in part as follows:

"This section shall not be so construed as to prevent limitations being fixed by law upon the right of appeal from judgments of courts not of record in civil cases concerning causes of action involving less than twenty dollars."

It follows that the county court was in error in dismissing the appeal of plaintiffs in error.

The judgment of the lower court is reversed, with instructions to set aside the order dismissing the appeal and reinstate the same, and proceed to trial herewith in accordance with law.

Kane, C. J., and Dunn and Turner, JJ., concur; Hayes, J., concurs in result.