## HOLCOMB v. CHICAGO, R. I & P. RY. CO.

No. 705.    Opinion Filed November 16, 1910.

Rehearing Denied January 3, 1911.

1.    COURTS—County Courts—Appellate Jurisdiction—Constitutional Provision. Under the provisions of sections 14 and 18 of article 7 of the Constitution of Oklahoma, there was conferred upon the county courts of the state exclusive appellate jurisdiction of all appeals from judgments of justices of the peace in civil and criminal cases.

2.    COURTS—County and District Courts—Appellate Jurisdiction—Statutes—Sufficiency of Title. That portion of section 3, article 1, chapter 27. p. 285, Sess. Laws of Oklahoma, 1907-08, providing that the county court shall have, "concurrent with the district court," appellate jurisdiction of judgments of justices of the peace not being correlated to the subject expressed in the title to the act, nor appearing to follow as a natural and legitimate complement is in violation of section 57, article 5. of the Constitution of Oklahoma, providing that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title, and is therefore unconstitutional, inopera-

tive, and void, and it is error for a district court to deny a motion to dismiss an appeal taken from a court of justice of the peace.

.(Syllabus by the Court.)

*Error from District Court, Comanche County; J. T. Johnson, Judge.*

Action by J. H. J. Holcomb against the Chicago, Rock Island and Pacific Railway Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*E. L. Antony,* for plaintiff in error.

*C. O. Blake, H. B. Lowe,* and *Stevens & Myers,* for defendant in error.

DUNN, C. J. This case presents error from the district court of Comanche county, and was begun originally before a justice of the peace on June 9, 1908. Plaintiff in error filed his bill of particulars to recover $114, the value of two bales of cotton delivered to the defendant in error for shipment and which were lost, as alleged, by the negligence of the defendant. The case was tried June 18, 1908, and judgment rendered for plaintiff for the amount sued for and costs. Whereupon the defendant filed its bond and appealed the case to the district court of that county July 1, 1908. September 8, 1908, plaintiff filed a motion to dismiss defendant's appeal for want of jurisdiction in the district court, on the ground that such court had no jurisdiction of appeals from judgments of justices of the peace. This motion was denied, to which exception was saved, and, on trial in the district court, judgment was rendered for the defendant. Motion for new trial was filed and denied, and the case has been regularly brought to this court for review.

The sole question presented for our consideration is the one raised by the denial of plaintiff's motion to dismiss the appeal on the ground that the district court possessed no appellate jurisdiction of cases tried before justices of the peace. Prior to the incoming of statehood appeals from justices of the peace were governed by the following statutes: Art. 9, c. 28, S. L. Okla. T. 1905, and

Section 534, art. 22, chap. 66, par. 4732, and section 117, chap. 67, par. 5044, Wilson's Revised & Annotated Statutes of Oklahoma, 1903. Section 12 of art. 7 of the Constitution of Oklahoma provides:

"The county court, co-extensive with the county, shall have original jurisdiction in all probate matters, and, until otherwise provided by law, shall have concurrent jurisdiction with the district court in civil cases in any amount not exceeding one thousand dollars, exclusive of interest. * * * It shall have such appellate jurisdiction of the judgments of justices of the peace in civil and criminal cases as may be provided by law, or in this Constitution."

Section 14 of art. 7 of the Constitution provides:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals from judgments of justices of the peace in civil and criminal cases; and in all cases, civil and criminal, appealed from justices of the peace to such county court, there shall be a trial de novo on questions of both law and fact."

Section 18 of art. 7 of the Constitution provides, in part, that:

"Until otherwise provided by law, appeals shall be allowed from judgments of the court of justices of the peace in all civil and criminal cases to the county court in the manner now provided by the laws of the territory of Oklahoma governing appeals from the courts of justices of the peace to the district court."

It is contended on the part of defendant that these sections of the Constitution have not deprived the district court of the jurisdiction which it had under the territory in this class of cases, but that the effect was simply to provide another tribunal, it being contended that it was rather the purpose to preserve and hold in force the procedure allowing appeals to the district court and provide the additional right of appeal to the county court where appeals might perhaps be more expeditiously tried, and that, under section 2 of the Schedule to the Constitution, the right of appeal to the district court, as it had previously existed, was not repugnant to these sections of the Constitution, and, not being locally inapplicable, was extended in force. We have given careful consideration to the claims made by counsel, but, in our

670     SUPREME COURT OF OKLAHOMA.

Holcomb v. Chicago. R. I. & P. Ry. Co.

judgment, the sections of the Constitution which we have noted are not susceptible to the construction that there still remained, on their adoption, any jurisdiction to entertain appeals from the courts of justices of the peace in the district courts of the state. The phrase contained in section 18, art. 7, *supra,* "until otherwise provided by law, appeals shall be allowed from judgments of the court of justices of the peace in all civil," etc., vests, until some further legislation, the exclusive jurisdiction of these cases in the county courts. The word "until," as used in this sense, means "Up to the time that; till the point or degree that." Cent. Dict. & Ency., p. 6651. "Until I know this sure uncertainty, I'll entertain the offered fallacy." Comedy of Errors, ii, 2. So that, the phrase, "until otherwise provided by law," would mean, as here used, until the law provides some other disposition of appeals from justices of the peace courts, the county court shall have jurisdiction of appeals of such cases. It is difficult to see how the meaning here placed upon the phrase could have been better stated than in the language used. The legal phraseology uniformly adopted to express the meaning contended for by the defendant is that, until otherwise provided by law, the county courts shall have of such appeals concurrent jurisdiction with the district courts; but the word "concurrent" is not used, and, from the terms which are, we can find no substantial argument justifying us in yielding to the construction for which counsel for defendant so earnestly contend.

But it is contended that if the Constitution vested sole jurisdiction in the county court, section 3, art. 1, ch. 27, p. 284, Session Laws of Okla. 1907-08, provided the condition contemplated by the language of section 18 of the Constitution, and was a legal provision vesting in the district court jurisdiction of these appeals. The portion of the section relied on reads as follows:

"The county court shall have, *concurrent with the district court,* appellate jurisdiction of judgments of justices of the peace, and of judgments of police judges in all civil and criminal cases * * * *"

To this contention counsel for plaintiff replies that if the

recitation relating to the concurrent jurisdiction of the district courts was sufficient in terms to effect the object and purpose contended for, still it is void for the reason that it is contained in an act the title to which does not embrace it, and hence that it falls within the inhibition of section 57, of art. 5, of the Constitution, which provides that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title." The title to the act within which this provision is contained reads as follows:

"An act to define the jurisdiction and duties of the county court, and to fix compensation for the judges thereof, and to provide for a clerk of the county court in certain counties, and to provide for a county stenographer who shall be *ex officio* clerk of the county court, fixing the compensation and fees therefor; and declaring an emergency." `

It is manifest, and is conceded, that this title contains no reference to the district court and is not an act for the purpose of defining appellate jurisdiction of causes tried in courts of justices of the peace. This constitutional provision, or one of similar import, is contained in the Constitutions of practically all the states in the union, and its purpose and scope has received consideration at the hands of the appellate courts of practically every jurisdiction. Judge Cooley, in his work on Constitutional Limitations, 7th Ed., p. 205, says:

"The intent of this provision of the Constitution was to prevent the union, in the same act, of incongruous matters, and of objects having no connection, no relation. And with this it was designed to prevent surprise in legislation, by having matter of one nature embraced in a bill whose title expressed another. And similar expressions will be found in many other reported cases. It may therefore be assumed as settled that the purpose of these provisions was: first, to prevent hodge-podge or 'log-rolling' legislation; second, to prevent surprise or fraud upon the Legislature by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the objects of legislation that are being considered,

672 SUPREME COURT OF OKLAHOMA.

Holcomb v. Chicago. R. I. & P. Ry. Co.

in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire."

One of the best considered cases on this subject, and which is frequently cited, is *Ballentyne v. Wickersham*, 75 Ala. 533. The rule therein laid down was subsequently adopted by this court in the case of *City of Pond Creek v. Haskell et al.*, 21 Okla. 711, 97 Pac. 338, as follows:

"Under this clause of the Constitution, the title of a bill may be very general, and need not specify every clause in the statute, it being sufficient if they are all referable and cognate to the subject expressed; and when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of thought contained in the general expression, is included in, and authorized by it. But if clauses are contained in the act which are not so correlated to the subject expressed in the title as to appear to follow as a natural and legitimate complement, they cannot stand."

See, also, *Ex parte Mayor and Alderman of Birmingham*, 116 Ala. 186.

The identical question here presented was mooted by this court in the case of *St. Louis & San Francisco Ry. Co. v. Bray et al.*, 24 Okla. 476, 103 Pac. 573, wherein Mr. Justice Williams, who prepared the opinion for the court, said:

"As to whether or not section 3, art. 1, c. 27, p. 285, Sess. Laws Okla. 1907, 1908, which provides that 'the county court shall have, concurrent with the district court, appellate jurisdiction of judgments of justices of the peace, and of judgments of police judges in all civil and criminal causes,' has the effect to confer a like appellate jurisdiction upon the district courts, we express no opinion in this case. However, the question would necessarily arise as to whether or not the provisions of said section 3 would be within the purview of the title of said act, and, if not, such provisions would fall."

The question is now squarely presented, and after a full consideration of the same, the only conclusion which we deem at all justifiable, under the authorities, is that, even if sufficient in terms, the subject of the concurrent appellate jurisdiction of

the district court not being embraced nor expressed in, nor referable to, the title of the act, that reference thereto in section 3 was in violation of the section of the Constitution above noted and is therefore inoperative and void. It is clear that an act, the title to which simply defined the jurisdiction of the county court, could not embrace within it, within the terms of this constitutional provision, a section fixing the jurisdiction of the district court. It would not be correlative to the subject expressed in the title, nor would it appear to follow as a natural and legitimate complement, and hence it cannot stand. Other authorities where this question has been dealt with by this court may be referred to as follows: *In re Menefee*, 22 Okla. 365, 97 Pac. 1014; *In re County Com'rs of Counties Comprising 7th Judicial Dist.*, 22 Okla. 435, 98 Pac. 557.

Under the authority of the foregoing conclusions, we therefore hold that that portion of section 3, art. 1, chap. 27, Sess. Laws Okla. 1907-08, reciting that "the county court shall have concurrent with the district court, appellate jurisdiction of judgments of justices of the peace, and of judgments of police judges in all civil and criminal causes," so far as the same relates to the district court, is inoperative and void, being in conflict with section 57 of art. 5 of the Constitution, providing that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title, and the judgment of the district court is accordingly reversed, and the case remanded, with instructions to dismiss the same.

HAYES, KANE, and TURNER, JJ., concur; WILLIAMS, J., not participating.