## POOS v. SHAWNEE FIRE INS. CO.

No. 2224. · Opinion Filed February 11, 1913.

Rehearing Denied April 5, 1913.

(130 Pac. 153.)

1.  COURTS—Jurisdiction—County Courts—Title of Act.  The Act of June 4, 1908 (section 2, art. 1, c. 27, Sess. Laws 1907-08), which, by conferring exclusive jurisdiction . upon the county court in certain classes of civil actions, thereby incidentally and indirectly takes that jurisdiction away from the district court, is not in conflict with section 57, art. 5, of the Constitution, requiring the act of the Legislature to contain but one subject, which shall be clearly expressed in the title.

2.  COURTS—District Court—Jurisdiction.  Section 10, art. 7, of the Constitution which confers upon the district court original jurisdiction in civil cases, except where exclusive jurisdiction is conferred upon some other court, does not prevent the Legislature from conferring jurisdiction upon both the county and superior courts, to the exclusion of the district court.

(Syllabus by Ames, C.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action by H. D. C. Poos against the Shawnee Fire Insurance Company.  Judgment dismissing plaintiff's action for want of jurisdiction, and plaintiff brings error.  Affirmed.

*Eagleton & Biddison,* for plaintiff in error.

*Scothorn, Caldwell & McRill, Victor O. Johnson, Lewis S. Wilson,* and *Redmond S. Cole,* for defendant in error.

Opinion by AMES, C.  The plaintiff sued the defendant, on April 21, 1909, in the district court of Pawnee county for $300. The defendant moved to dismiss the cause for want of jurisdiction over the subject-matter. The motion was sustained, and the plaintiff appeals.

By the Act of June 4, 1908 (section 2, art. 1, c. 27, Sess. Laws 1907-08, p. 284), it is provided that the county court shall have exclusive jurisdiction in all sums in excess of $200, and not exceeding $500, with certain exceptions not here material. The plaintiff contends that this statute is unconstitutional, in so far as it makes the jurisdiction of the county court exclusive of that of the district court, and two questions are presented for our consideration. First, whether the title of the Act of June 4, 1908, is sufficiently inclusive, under the requirements of the Constitution. Second, whether the subsequent act, conferring upon the superior court concurrent jurisdiction of this class of cases, reinvests the district court with jurisdiction also.

Section 57 of article 5 of the Constitution (Williams' Ann. Const. Okla., sec. 147) provides that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title.  *  *  *  If any subject be embraced in any act contrary to the provisions of this section, such act shall be void only as to so much of the law as may not be expressed in the title thereof." The title of the act is "An act to define the jurisdiction and duties of the county court, and to fix compensation for the judges thereof, and to provide for a clerk of the county court in certain counties and to fix compensation therefor, and to provide for a county stenographer, who shall be ex-officio clerk of the county court, fixing the compensation and fee therefor; and declaring an emergency." Section 10 of article 7 of the Constitution (William's Ann. Const. Okla., sec. 195) provides that "the district

court shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in ·this Constitution, or by law. * * *" By section 10 of article 7, the district court had jurisdiction of this action, unless the Act of June 4, 1908, by conferring exclusive jurisdiction upon the county court, divested the district court of jurisdiction.

The argument is made that, as the title of the Act of June 4, 1908, does not refer in any manner to the district. court, so much of that act as affects the jurisdiction of the district court must fall, under the provisions of section 57 of article 5 of the Constitution. That the jurisdiction of the district court was affected by the act cannot be controverted. In fact, it was completely taken away. Was it necessary to so state in the title? It will be observed that the title of the act is to define the jurisdiction and duties of the county court; that in the body of the act this is done, and exclusive jurisdiction of this class of cases in conferred upon the county court. No reference is made to the district court. The effect of the act upon the jurisdiction of the district court is incidental, and arises out of the constitutional provision, above quoted, making the district court the residuary legatee, as it were, of all original jurisdiction not otherwise provided for. The judicial system of a state is a complete system, composed of several parts. It is not all vested in one tribunal. It is, however, a complete body; and whenever any part of that body is affected the entire body is affected. Just as a man cannot take a step without moving his entire body, so the original jurisdiction of any of our courts cannot be moved without affecting the jurisdiction of the district court, because it has original jurisdiction in all cases, except when exclusive jurisdiction is conferred on some other court. It is therefore true that the effect of this act upon the jurisdiction of the district court is entirely incidental, and grows out of that intimate relation between the district court and all other trial courts. Is it necessary for an act which thus incidentally af-

fects the jurisdiction of the district court to point out this incidental effect in the title? The language of section 57 of article 5 must be borne in mind. It is that the act shall embrace but one subject, and that this shall be clearly expressed in its title. The act in this case embraces only one subject, to wit, the jurisdiction and duties of the county court, and this subject is clearly expressed in its title. This subject thus clearly expressed in the title does, however, incidentally. affect another subject. Is it necessary for that other subject thus incidentally affected to likewise be expressed in the title? After a careful consideration, we have concluded that it is not, but that, .where the act itself is plainly within the scope of its title, its incidental consequences, which necessarily follow as matter of law, need not be expressed. The purpose of section 57 of article 5 is to prevent surreptitious legislation. Assuming that those interested in the legislation are familiar with the Constitution, when they see such a title as this, they know that the district court has this residuum of jurisdiction; that an act defining the jurisdiction of the county court is bound to affect the district court's jurisdiction, and therefore the definition of the county court's jurisdiction is not surreptitiously slipping legislation through the legislative body.

This conclusion does not conflict with the decision of this court in *Holcomb v. C., R. I. & P. Ry. Co.,* 27 Okla. 667, 112 Pac. 1023, because the question there involved was whether an incidental phrase in this act had the· effect of conferring appellate jurisdiction upon the district court, when there was no reference to the subject in the title. The district court does· not derive its . appellate jurisdiction from the Constitution. It is not a court of general appellate jurisdiction. It only has such appellate jurisdiction as may be conferred upon it. Therefore an act pertaining to the jurisdiction of the county court does not, by its title, suggest the possibility of conferring a new appellate jurisdiction upon· the district court; and consequently, no one, no matter how thoroughly familiar with the law, would expect from the title to find such a grant in the act. We therefore conclude

that the Act of June 4, 1908, in so far as it confers this exclusive jurisdiction upon the county court, does not conflict with section 57 of article 5 of the Constitution.

It is next argued that the Act of March 6, 1909, creating superior courts and defining their jurisdiction, has the effect of restoring this jurisdiction to the district court also, because it gives the superior court concurrent jurisdiction with the county court; and therefore exclusive jurisdiction is not conferred upon some other court. Section 2 of that act (Sess. Laws 1909, p. 181) does vest in the superior court "concurrent jurisdiction with the county court in all civil and criminal matters, except matters of probate." Therefore the superior court and the county court both have jurisdiction over an action involving from $200 to $500. It will also be remembered that under section 10 of article 7 of the Constitution the district courts have original jurisdiction, except where exclusive jurisdiction is conferred upon some other court. The argument is made that, while the Act of June 4, 1908, conferring exclusive jurisdiction on the county court, took that jurisdiction from the district court, when the Act of March 6, 1909, conferred jurisdiction upon the superior court concurrent with the county court that the county court no longer had exclusive jurisdiction; and, as exclusive jurisdiction was not conferred upon any other one court, that therefore the district court resumed its original jurisdiction, under section 10 of article 7. This argument is ingenious, but not sound. We think the word "exclusive," in section 10 of article 7, means exclusive of the district court, and not exclusive in one other court; and the net result of the two acts under consideration is to make the jurisdiction of the county court and the superior court concurrent, but exclusive of the district court.

Having concluded that the district court was without jurisdiction, the judgment should be affirmed.

By the Court: It is so ordered.