ST. LOUIS & S. F. R. CO. *et al.* v. TOLBERT *et al.*

No. 6495.   Opinion Filed April 13, 1915.

(148 Pac. 128.)

1. JUSTICES OF THE PEACE—Right of Appeal—Statute Amending Invalid Statute. Assuming that Stat. Okla. 1893, sec. 4773 (Wilson's Rev. & Ann. St. 1903, sec. 5053), was in conflict with article 7, sec. 18, of the Constitution, at the time of the adoption of that instrument, and hence not brought over and put in force throughout the state by section 2 of the Schedule, and for that reason is void, act of April 21, 1913 (Laws 1913, c. 135), amending said section, is not void, assuming it purports to amend an invalid statute.

2. SAME—Right of Appeal—Amount Involved. Since the adoption of the Constitution, an appeal may not be taken from the final judgment of a justice of the peace in a cause involving less than $20, in virtue of an act approved April 21, 1913 (chapter 135, p. 292, Sess. Laws 1913).

3. SAME—Statutes. For the reason that an act approved April 21, 1913, falls within the general saving clause of an act approved March 3, 1911 (Laws 1910-11, c. 39), which said saving clause

provides, "* * * that this act shall not be construed to repeal any act of the Legislature enacted subsequent to the adjournment of the extraordinary session of the Legislature which convened in January, 1910," said act is a valid and subsisting statute, although not contained in Rev. Laws 1910.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action by S. R. Tolbert and another against the St. Louis & San Francisco Railroad Company and James W. Lusk and others, receivers of the railroad company. Judgment for plaintiffs, and defendants bring error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiffs in error.

*C. F. Green,* for defendants in error.

TURNER, J.  On February 5, 1914, S. R. and Media Tolbert, defendants in error, sued the St. Louis & San Francisco Railroad Company, plaintiff in error, before a justice of the peace at Ada for $19.75, and thereafter judgment was rendered and entered in favor of plaintiffs and against defendant for said amount. Thereupon defendant appealed to the district court, where the appeal was dismissed "for the reason that the amount involved in said cause, and for which judgment of the justice of the peace was rendered in favor of the plaintiffs and against defendant, does not exceed the sum of $20."

The question involved here is whether or not an appeal may be taken from the final judgment of a justice of the peace in cases involving less than $20. At first blush it would seem so, because the statute says so. Rev. Laws 1910, section 5474, provides:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except on judgments rendered on confession."

But, say defendants in error, the Code of Revised Laws (Harris-Day) containing that section went into effect from and after May 16, 1913, since which time an act approved April 24, 1913 (chapter 135, p. 292, Sess. Laws 1913), took effect, and is the governing statute here. The pertinent part of said act reads:

"An act to amend section 4773 of article 8, chapter 67 of the Statutes of Oklahoma, of 1893, relating to appeals from justice of the peace courts.

"Be it enacted by the people of the state of Oklahoma:

"Right of Appeal—Limitation.

"Section 1. That section 4773 of article 8, chapter 67 of the Statutes of Oklahoma, of 1893, be and the same is hereby amended * * * to read as follows:

"Section 4773. An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated in which no appeal shall be allowed: First. On judgments rendered on confession. Second. Concerning causes of action involving less than twenty dollars."

And hence, they say, said appeal will not lie. On the other hand, it is contended that said section 4773 was in conflict with article 7, section 18, of the Constitution, at the time of the adoption of that instrument, and hence was not brought over and put in force throughout the state by section 2 of the Schedule, and hence, not being in force when the act approved April 24, 1913, was passed, attempting to amend said section, as stated, said amendatory act was void. Before said amendment, section 4773 read:

"An appeal may be taken from the final judgment of a justice of the peace in any case, except in cases hereinafter stated, in which no appeal shall be allowed: First, on judgments rendered on confession. Second, in jury trials, where neither party claims in his bill of particulars a sum exceeding twenty dollars"

—which meant that appeals would lie to the district courts of the territory, as provided in section 4764 of the same

article, in all cases with the two exceptions mentioned in section 4773, in which two exceptions appeals would not lie at all. These sections 4764 and 4773 were carried *verbatim* into Wilson's Rev. & Ann. Statutes 1903, and are known as sections 5044 and 5053, respectively. Section 5044 was afterwards amended by an act approved March 2, 1905 (Laws 1905, c. 28, art. 9), so as to read:

"In all cases not otherwise especially provided for by law, either party may appeal from the final judgment of the justice of the peace to the probate court of the county where the judgment was rendered: Provided, however, that the judgment in the probate court shall be final, unless the judgment of the amount in controversy, exclusive of costs, shall exceed fifty dollars ($50.00)."

Said section 5044, as there amended, and section 5053 (section 4773, *supra*), prior to the admission of the state into the Union, were all the legislation providing for appeals from the courts of justice of the peace. Construing all of which together, this court, in *St. Louis & S. F. R. Co. v. Bray et al.*, 24 Okla. 476, 103 Pac. 573, quoting approvingly from *Loewen v. Myers*, 18 Okla. 302, 88 Pac. 1046, said:

"To ascertain what cases the law does not especially provide for, we must look to the law prior to 1905. By section 5044, Wilson's Rev. & Ann. St. 1903, we find 'that, in all cases not otherwise especially provided for by law, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered.' This provision embraces every case except the two classes specified in section 5053, in which it is provided that no appeal shall be allowed, viz.: Judgments rendered on confession, and judgments rendered in jury trials where neither party claims in his bill of particulars a sum exceeding $20. Prior to the 1905 act, no appeal was allowed to any court in these two last-mentioned classes of cases. Special provision was already made for every other class of civil cause to be appealed to the district court, and this was the state of the law when the 1905 act (Laws 1905, p. 331, c. 28,

art. 9, sec. 1) became a law. Now, what change did it effect? It provides for appeals to the probate court from the final judgment of the justice of the peace in all cases not otherwise specifically provided for, and the only cases coming within this designation are the two exceptions named in section 5053, and hence these two classes are the only ones the law has to operate upon. Hence the law, as now amended by the act of 1905, is that appeals in all cases from the final judgments of justices of the peace may be taken to the district court, except, first, judgments rendered on confession, and second, in jury trials, where neither party claims in his bill of particulars a sum exceeding $20; and these two classes may be appealed to the probate court."

And in conclusion:

"Now, under sections 5044 and 5053, (Wilson's Rev. & Ann. St. 1903, and section 1, art. 9, c. 28, p. 331, Sess. Laws Okla. T. 1905, appeals lie in all civil cases from judgments of the justices of the peace, under the holding of the Supreme Court of the territory of Oklahoma, either to the probate court or the district court of said territory; said appeals lying to the district court in all cases, except (1) on judgment rendered on confession, and (2) in jury trials where neither party claims in his bill of particulars a sum exceeding $20; and in the latter two classes of cases appeals lying to the probate court."

The effect of all this was to hold that, in so far as section 5053 (section 4773, *supra*) provided that no appeal would lie in the two excepted classes of cases, the same was repealed for the reason that it conflicted with section 5044 (section 4764), as amended, which provided that, in the cases thus excepted, an appeal would lie to the probate court. But as this did not operate to repeal that part of said section 5053 (section 4773, *supra*) construed with section 5044, which provided that, in all cases other than the two excepted classes, appeals would lie to the district court, the question is: Was section 5053 repugnant to the Constitution when the latter was adopted? It would seem so, and, besides, was locally inapplicable,

and hence was not extended to and did not remain in force throughout the state after that time. This for the reason that, in so far as those sections gave a right of appeal in certain cases to the district court, they were in conflict with article 7, section 18, and article 7, section 14, of the Constitution, which provided that in all cases appeals shall go to the county court. Said section 18 reads:

"Until otherwise provided by law, appeals shall be allowed from judgments of the court of justices of the peace in all civil and criminal cases to the county court in the manner now provided by the laws of the territory of Oklahoma governing appeals from the courts of justices of the peace to the district court."

Section 14 further provides:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals from judgments of the justices of the peace in civil and criminal cases; and in all cases, civil and criminal, appealed from justice of the peace to such county court, there shall be a trial *de novo* on questions of both law and fact."

But let that be as it may. Assuming, but not deciding, that said section, for the reason stated, was not extended to and put in force throughout the state, and hence ceased to exist or was void, as contended, it does not follow that the amendatory act, *supra*, is also void. This for the reason stated so ably by Caldwell, Circuit Judge, in *City of Beatrice v. Masslich,* 108 Fed. 743, 47 C. C. A. 657. That was a suit brought by Masslich, defendant in error, against the city of Beatrice, Neb., the plaintiff in error, on certain bonds and interest coupons issued by said city for the purpose of defraying the cost of curbing, guttering, etc., the streets of a certain paving district in said city. Assailing the validity of the act under which the bonds were issued, one contention was that the act of 1887 (Laws 1887, c. 14), under which the bonds were issued, was an amendment to an act passed

in 1885 (Laws 1885, c. 14), which was an amendment of a still earlier act (Laws 1883, c. 16), and that as the act of 1885 was void, as held by the Supreme Court of the state, the act of 1887, being amendatory of the act of 1885, must fall with that act. But the court held not so, and said:

"But if the act of 1887 was treated as amendatory of the act of 1885, the result contended for by the plaintiff in error would not follow. While there is some conflict of opinion on the subject, the decided weight of authority and the better opinion is that an amendatory statute is not invalid, though it purports to amend a statute which had previously been amended or for any reason had been held invalid. This question is quite fully considered, and all the authorities cited, in the recent opinion of the United States Circuit Court of Appeals for the Seventh Circuit in the case of *Wire Co. v. Boyce*, 44 C. C. A. 588, 104 Fed. 172, to which we refer without citing the cases."

Referring to that case, the facts were that Act March 3, 1891, c. 517, 26 Stat. 828, sec. 7, which created the Circuit Court of Appeals and authorized an appeal to that court from an interlocutory order granting or continuing an injunction, was amended by an act of February 18, 1895, (chapter 96, 28 Stat. 666), "to read as follows: * * *." By an act of June 6, 1900 (chapter 803, 31 Stat. 660 [U. S. Comp. St. 1913, sec. 1121]), said section was again amended, without reference to the prior amendment, "to read as follows: * * *." On this state of facts it was held that the latter act was valid. Quoting approvingly from *Jones v. Commissioner*, 21 Mich. 236, where Judge Cooley, in response to an argument that an amendatory act, which referred to a repealed or nonexisting act, must be invalid, the court said:

"This reasoning seems to us too refined for practical value. Under our Constitution, the mode of amending a section of a statute is by enacting that the section in question ' shall read as follows.' The position of the section

in the original statute is not changed, and there is no reason why subsequent amendments of the same section should not be made by reference to its number in the original statutes."

And it concluded that an amendatory statute will be upheld though it purports to amend a statute which was for any reason invalid, thus:

"It is clear that the act of 1900 repealed that of 1895 and contains all the law on the subject. No other conclusion would accord with the settled principles of construction or could be reconciled with the decisions of the Supreme Court of the United States. *United States v. Tynon*, 11 Wall. 88, 95, 20 L. Ed. 153; *Murdock v. City of Memphis*, 20 Wall. 617, 22 L. Ed. 429; *Railroad Co. v. Grant*, 98 U. S. 398, 25 L. Ed. 231; *Tracy v. Tuffly*, 134 U. S. 206, 223, 10 Sup. Ct. 527, 33 L. Ed. 879; *Fisk v. Henarie*, 142 U. S. 459, 467, 12 Sup. Ct. 207, 35 L. Ed. 1080; *Hanrick v. Hanrick*, 153 U. S. 192, 197, 14 Sup. Ct. 835, 38 L. Ed. 685; *Railroad Co. v. Davidson*, 157 U. S. 201, 208, 15 Sup. Ct. 563, 39 L. Ed. 672; Suth. St. Const. pars. 133, 154, *et passim*."

In 1 Lewis' Suth. St. Const. (2d Ed.), at page 436, the author cites *Beatrice v. Masslich, supra,* and states that the view therein expressed as to the weight of authority is sustained by the decisions. On the same page he cites *People v. Canvassers*, 143 N. Y. 84, 37 N. E. 649, speaking of which he says:

"A New York act of 1883 amended section 16 of an act of 1856, relating to schools, 'so as to read as follows.' In 1864 the Legislature passed an act to revise and consolidate the laws relating to public instruction, which repealed all inconsistent laws. It was claimed that the act of 1864 repealed the act of 1856, and that the amendment was void. The court was of a different opinion as to the repeal, but held that even if the act of 1856 was repealed, as claimed, the amendatory act of 1883 was nevertheless valid, and gave their reasons as follows: 'The enactment of this law is put in the form of an amendment of a law which was standing upon the statute

books, and whether the earlier law, by force of subsequent legislation, had become inoperative, is wholly immaterial. The only question is: Had the Legislature, in the enactment complained of, expressed its purpose intelligently and provided fully upon the subject? If it has, then its act is valid and must be upheld. That is the case here. The act of 1883 contains all that is provided for in the particular section of the act of 1856, and gives full power to the board of supervisors with respect to the formation of school commissioner's district. A law thus explicit and complete may not be disregarded or invalidated because of a possible mistake of the Legislature with respect to the existence of the statute in amendment of which the act is passed. It is an enactment of a law, in any view."

We are, therefore, of opinion that, whether said section 5053 (section 4773, *supra*) was extended to and put in force throughout the state or not, said section has been amended by the act of April 24, 1913, *supra,* so as to read as amended, and that said act, being the latest expression of the Legislature, must stand, and hence this appeal will not lie. And that, too, although the act approved March 3, 1911 (Laws 1910-11, c. 39), provides:

"All general and public laws of the state of Oklahoma not contained in said revision are hereby repealed."

This for the reason that said act contains a general saving clause, which reads:

"* * *. Provided, further, that this act shall not be construed to repeal any act of the Legislature enacted subsequent to the adjournment of the extraordinary session of the Legislature which convened in January, 1910."

Which act of April 24, 1913, falling as it does within the clause, having been enacted subsequent to that time, was not repealed by being omitted from said revision.

The judgment of the trial court is therefore affirmed.

All the Justices concur, except KANE, C. J., absent and not participating.